Ida Rose Treviño **BUSTILLOS** and Isauro Bustillos, Appellants,

v.

Jennifer **JACOBS, M.D.,** Roxanna Doucet, **M.D.,** and Ana Beceiro, Appellees.

No. 04–04–00894–CV.

Court of Appeals of Texas, San Antonio.

Dec. 14, 2005.

Christopher J. Gale, Beverly West Stephens, Gale, Wilson & Sanchez, P.L.L.C., San Antonio, for appellants.

Rosemary L. Hollan, Hollan Law Firm, P.C., Thomas H. Crofts, Crofts & Callaway, P.C., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Ida Rose Treviño Bustillos and Isauro Bustillos challenge the take nothing judg-ment rendered in their medical malpractice action against Jennifer Jacobs, M.D., Roxanna Doucet, M.D., and Ana Beceiro, M.D. Because the Bustilloses' action against the doctors is barred by statute, we affirm the trial court's judgment.

## BACKGROUND

Ida Rose Treviño Bustillos and Isauro Bustillos (the "Bustilloses") met with Dr. Roxanna Doucet, a graduate medical student of the University of Texas Health Science Center ("UTHSC"), for a prenatal examination on October 6, 2000. Following the examination, Dr. Doucet instructed the Bustilloses to report to University Hospital, a public teaching hospital that is owned and operated by Bexar County Hospital District and staffed with medical faculty and residents of UTHSC, for the delivery of their child.

Ida was admitted to University Hospital approximately one and one-half hours after she first reported to the hospital. Upon her admittance, medical personnel examined Ida to check the status of her unborn child. Unfortunately, the examination revealed that the Bustilloses' unborn child had died. Ida, with the assistance of Dr. Jennifer Jacobs, a physician on UTHSC's faculty, and Dr. Ana Beceiro, a UTHSC graduate medical student, subsequently "deliver[ed] her baby vaginally" after fourteen hours of labor.

Ida began to suffer abdominal pain and diarrhea sometime after her delivery. University personnel performed a CT scan on Ida and learned that she had suffered a uterine rupture during her delivery. Dr. Jacobs performed an emergency hysterectomy on Ida; however, this procedure left Ida infertile.

The Bustilloses brought a medical malpractice action against the Bexar County Hospital District, UTHSC, Dr. Jacobs, Dr.

Doucet, and Dr. Beceiro (collectively the "Doctors") on October 7, 2002. UTHSC responded by filing a "Plea to the Jurisdiction and Motion to Dismiss and Sever" on the ground that the Bustilloses failed to give notice of their claim as required by statute, and that it had no actual notice of the claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 2005). The trial court granted UTHSC's motion, ordered that the Bustilloses take nothing by their action against UTHSC, and severed this part of the action.[1]

After UTHSC's plea to the jurisdiction was granted, the Doctors moved for summary judgment based on the defense of derivative immunity pursuant to section 101.106 of the Civil Practice and Remedy Code, which provides that "[a] judgment in an action ... under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." The Doctors also moved for summary judgment pursuant to section 312.007 of the Texas Health and Safety Code, which provides that "[a] judgment in an action ... against a medical and dental unit, supported medical or dental school, or coordinating entity under Chapter 101, Civil Practice and Remedies Code, bars any action involving the same subject matter by the claimant against a ... resident, fellow, faculty member, or other associated health care professional or employee of the unit, school, or entity whose act or omission gave rise to the claim as if the person were an employee of a governmental unit against which the claim was asserted as provided under Section 101.106, Civil Practice and Remedies Code."

The Bustilloses filed a response to the Doctors' motion, asserting that summary judgment was improper because: (1) the Doctors proffered conclusory affidavits in support of their summary judgment motion; (2) the Doctors were not employees of UTHSC at the time of their negligent conduct and, as a result, were not entitled to derivative immunity under section 101.106 of the Civil Practice and Remedies Code; and (3) the prior judgment in favor of UTHSC was not a "judgment" for purposes of section 101.106 of the Civil Practice and Remedies Code. The Bustilloses did not identify any issues in their response as to why summary judgment would be improper for the Doctors under section 312.007 of the Texas Health and Safety Code. The trial court, without specifying the ground or grounds relied on for its ruling, granted the Doctors' motion.

## STANDARD OF REVIEW

The standard for reviewing the granting of a motion for summary judgment is well established. Summary judgment is proper if the defendant, as the movant, disproves at least one element of each of the plaintiff's causes of action or establishes all elements of an affirmative defense to each claim. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). The movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and the court must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Id.* at 548–49.

---

1. The Bexar County Hospital District filed a motion to dismiss in response to the Bustilloses' action. The trial court granted the Hospital District's motion and severed it from the action.

Once the movant establishes a right to summary judgment, the non-movant has the burden to respond and present to the trial court any issues that would preclude summary judgment. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999); *Cook–Pizzi v. Van Waters & Rogers, Inc.*, 94 S.W.3d 636, 642–43 (Tex.App.-Amarillo 2002, pet. denied). Issues which the non-movant contends preclude summary judgment must be expressly presented to the trial court by written answer or other written response and not by mere reference to the summary judgment evidence.[2] Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex.1989); *Cook–Pizzi*, 94 S.W.3d at 643. "When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

### DISCUSSION

On appeal, the Bustilloses complain: (1) the summary judgment violated their right to a remedy as the Texas Constitution's open courts provision guarantees; (2) the Doctors waived their affirmative defense of derivative immunity by not timely raising the defense in the trial court; (3) the Doctors did not merit summary judgment under section 101.106 of the Civil Practice and Remedies Code because the prior judgment in favor of UTHSC was not a "judgment" for purposes of section 101.106; (4) the Doctors did not merit summary judgment under section 101.106 of the Civil Practice and Remedies Code

because the Doctors were not employees of UTHSC at the time of their negligent conduct; and (5) the Doctors did not merit summary judgment under section 312.007 of the Texas Health and Safety Code because they did not demonstrate that Chapter 312 applies in this case.

### OPEN-COURTS

■■■ In their first issue, the Bustilloses argue the summary judgment for the Doctors violated their right to a remedy as the Texas Constitution's open courts provision guarantees. A litigant, however, must raise an open-courts challenge in the trial court. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex.2002). The record reflects that the Bustilloses did not raise their open-courts challenge in their response to the Doctors' summary judgment motion. Consequently, we may not consider this issue as grounds for reversal of the summary judgment. *See id.*

### WAIVER

■■ In their fifth issue, the Bustilloses complain the trial court erred in granting the Doctors' motion for summary judgment because the Doctors waived their affirmative defense of derivative immunity by not timely raising the defense in the trial court. Once again, the record does not show that the Bustilloses ever expressly presented this issue to the trial court by written answer or other written response. *See Casso*, 776 S.W.2d at 553; *Cook–Pizzi*, 94 S.W.3d at 643. Thus, we may not consider this issue as grounds for reversal of the summary judgment. *See Casso*, 776 S.W.2d at 553; *Cook–Pizzi*, 94 S.W.3d at 643.

---

**2.** *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *Cook–Pizzi*, 94 S.W.3d at 643. "[T]he term 'issues' refers to the reasons the non-movant contends de-

feat the movant's entitlement to summary judgment." *Davis v. First Indem. of Am. Ins. Co.*, 56 S.W.3d 106, 110 (Tex.App.-Amarillo 2001, no pet.).

## CIVIL PRACTICE AND REMEDIES CODE SECTION 101.106

■ In their fourth issue, the Bustilloses argue that the Doctors are not entitled to summary judgment because the prior take nothing judgment granted in favor of UTHSC, which was based on the Bustilloses' failure to give UTHSC the required notice, is not a "judgment" for purposes of section 101.106 of the Civil Practice and Remedies Code. They contend that in order for the Doctors to merit summary judgment as a result of a prior judgment for UTHSC, the prior judgment had to be on the merits. We are unpersuaded by this argument because a judgment granted in favor of a governmental unit based on the absence of statutory notice is a judgment for purposes of section 101.106. *See Cox v. Klug,* 855 S.W.2d 276, 280 (Tex. App.-Amarillo 1993, no writ) (holding prior take nothing judgment granted in favor of governmental unit based on the absence of statutory notice is a judgment for purposes of section 101.106).

The Bustilloses' second issue alleges that even if we construe the prior take nothing judgment granted in favor of UTHSC as a "judgment" for purposes of section 101.106, section 101.106 nevertheless does not apply because the Doctors were not employees of UTHSC at the time of their negligent conduct. Section 101.106 provides that "[a] judgment in an action ... under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."[3] Thus, the judgment in favor of UTHSC would bar an action against the Doctors if they were employees of UTHSC at the time they treated Ida Bustillos. Section 101.001(2) of the Act defines "employee" as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2).

### A. Dr. Jennifer Jacobs

With respect to Dr. Jacobs, the Bustilloses concede that the summary judgment record demonstrates Jacobs was compensated entirely by UTHSC and was thus in its "paid service." Because we agree with the parties that the summary judgment record demonstrates Dr. Jacobs was an employee of UTHSC, we hold the trial court correctly granted summary judgment for Dr. Jacobs.

### B. Dr. Roxanna Doucet & Dr. Ana Beceiro

■ As for Dr. Doucet and Dr. Beceiro, they presented no evidence in support of their summary judgment motion demonstrating that they were UTHSC's employees. The only evidence Dr. Doucet and Dr. Beceiro presented was affidavits providing, "[a]t all times during the medical treatment made the basis of this suit, I was a resident, and any medical care or treatment I gave to Ida Rose Treviño Bustillos occurred while I was a resident." Because the record contains no evidence that Dr. Doucet and Dr. Beceiro were in UTHSC's "paid service," summary judg-

---

**3.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106; *Murk v. Scheele,* 120 S.W.3d 865, 866 (Tex.2003). The Legislature rewrote section 101.106 after the Bustilloses initiated the underlying lawsuit. The new version of the statute, however, does not apply to actions filed before the effective date of the act. Therefore, this appeal focuses on the version of section 101.106 in effect at the time the Bustilloses filed their cause of action.

ment for Dr. Doucet and Dr. Beceiro based on section 101.106 would have been improper. *See Murk v. Scheele,* 120 S.W.3d 865, 867 (Tex.2003).

### TEXAS HEALTH & SAFETY CODE SECTION 312.007

 In their third issue, the Bustilloses, for the first time on appeal, claim summary judgment was improper for Dr. Doucet and Dr. Beceiro because section 312.007 of the Texas Health and Safety Code does not apply in this case. The Bustilloses assert that the record does not establish the applicability of section 312.007 because there is no evidence of the agreement that section 312.003 of the Health and Safety Code makes a prerequisite to the applicability of Chapter 312. Although the Bustilloses' response to the Doctors' motion for summary judgment did not raise this issue as a reason for avoiding the Doctors' right to summary judgment, they may nevertheless present their contention for review because a challenge to the legal sufficiency of the movant's summary judgment proof is challengeable regardless of whether the nonmovant answers or responds to the movant's motion for summary judgment. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

Section 312.003 provides:

This chapter applies only if a medical and dental unit and a supported medical or dental school agree, either directly or through a coordinating entity, to provide or cause to be provided medical, dental, or other patient care or services or to perform or cause to be performed medical, dental, or clinical education, training, or research activities in a coordinat-

ed or cooperative manner in a public hospital.

TEX. HEALTH & SAFETY CODE ANN. § 312.003 (Vernon 2001). Chapter 312 provides that the term "medical and dental unit" has the same meaning assigned by section 61.003 of the Texas Education Code. *Id.* § 312.002(4) (Vernon 2001). The Education Code provides that "medical and dental unit" means "The University of Texas Medical School at San Antonio" (among other University of Texas entities).[4] Chapter 312 further defines "supported medical or dental school" as "a medical or dental school organized as a nonprofit corporation that is under contract with the Texas Higher Education Coordinating Board to provide educational services under Subchapter D, Chapter 61, Education Code." *Id.* § 312.002(6) (Vernon 2001). Subchapter D, Chapter 61, of the Education Code is entitled "Contracts with Baylor College of Medicine and Baylor University College of Dentistry." TEX. EDUC.CODE ANN. Chapter 61, subchapter D (Vernon Supp.2004–2005).

The Bustilloses argue that section 312.007 does not apply in the present case because there is no evidence of an agreement between a medical and dental unit *and* a supported medical or dental school to train in a public hospital as required by section 312.003. They argue that absent evidence of an agreement that specifically includes both the University of Texas and Baylor University, section 312.007 does not apply. The Doctors respond that section 312.003 only requires an agreement by either a "medical and dental unit" or a "supported medical or dental school" to provide medical training and patient care in a public hospital because the "and" in

---

4. TEX. EDUC.CODE ANN. § 61.003(5) (Vernon Supp.2004–2005). Section 65.002(a)(10) of the Education Code provides that the University of Texas Medical School at San Antonio is

a part of the University of Texas Health Science Center at San Antonio. TEX. EDUC.CODE ANN. § 65.02(a)(10) (Vernon 2002).

section 312.003 should be construed as an "or."

In resolving the Bustilloses' contention, the Code Construction Act directs that we consider the object sought to be obtained by the statute and the consequence of the proposed construction. TEX. GOV.CODE ANN. § 311.023(1), (5) (Vernon 2005). We believe the plain intent of the Legislature's use of the word "and" was to extend the availability of Chapter 312 to the medical schools of both state-operated University of Texas and the private non-profit Baylor University. It is unlikely that the intent of the Legislature was to require a University of Texas medical school to act in concert with a particular private institution, Baylor University, in order to avail itself of the protections of Chapter 312. A construction to that effect would thwart the statutory purpose of Chapter 312. *See* TEX. HEALTH & SAFETY CODE ANN. § 312.001(b) (Vernon 2001) ("The purpose of this chapter is to authorize coordination and cooperation between medical and dental units, supported medical or dental schools, and public hospitals and to remove impediments to that coordination and cooperation in order to: (1) enhance the education of students, interns, residents, and fellows attending a medical and dental unit or a supported medical or dental school; (2) enhance patient care; and (3) avoid any waste of public money."). Although in common usage "and" and "or" are not usually interchangeable, *see Neighborhood Comm. on Lead Pollution v. Bd. of Adjustment,* 728 S.W.2d 64, 68 (Tex. App.-Dallas 1987, writ ref'd n.r.e.), "[c]ourts should interpret the words 'and' and 'or' as synonymous when strict grammatical construction would frustrate legislative intent." *Collin County Appraisal Dist. v. Ne. Dallas Assoc.,* 855 S.W.2d 843, 848 (Tex.App.-Dallas 1993, no writ). We hold that this is an instance in which the word "and" should be construed as a disjunctive instead of a conjunctive. *See id.*

For section 312.007 to apply in this case, section 312.003 requires evidence of an agreement by UTHSC to provide medical training or patient care in a "public hospital," *i.e.,* a hospital owned or operated by a hospital district. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 312.002(5), .003. The record includes Graduate Medical Training Agreements among three parties: UTHSC; the Doctors; and Bexar County Hospital District d/b/a University Health System. These Training Agreements reflect that UTHSC has agreed to provide medical training and patient care in University Hospital. The record also includes affidavit evidence from George Hernandez, Jr., the Executive Vice President of the Bexar County Hospital District, demonstrating that University Hospital is a "public hospital." Because the record demonstrates that UTHSC agreed to provide medical training and patient care in a public hospital as section 312.003 requires, section 312.007 of the Health and Safety Code applies in this case.

Turning to section 312.007, it appears that Dr. Doucet and Dr. Beceiro were entitled to summary judgment under this provision. Section 312.007 of the Texas Health and Safety Code, provides:

A judgment in an action ... against a medical and dental unit, supported medical or dental school, or coordinating entity under Chapter 101, Civil Practice and Remedies Code, bars any action involving the same subject matter by the claimant against a ... resident, fellow, faculty member, or other associated health care professional or employee of the unit, school, or entity whose act or omission gave rise to the claim as if the person were an employee of a governmental unit against which the claim was asserted as provided under Section

101.106, Civil Practice and Remedies Code.

*Id.* § 312.007(b) (Vernon 2001). As previously discussed, the record reflects that UTHSC, a medical unit, received a judgment in its favor pursuant to section 101.101(a) of the Civil Practice and Remedies Code. This judgment thus barred any subsequent action against the medical faculty and residents of UTHSC, including Dr. Doucet and Dr. Beceiro, involving the same subject matter as the prior judgment. We therefore hold the trial court correctly granted summary judgment for Dr. Doucet and Dr. Beceiro.[5]

### Conclusion

Based on the foregoing, the judgment of the trial court is affirmed.

---

**5.** The Bustilloses' third issue also alleges that the Doctors did not merit summary judgment under section 312.007 because they failed to demonstrate that the Graduate Medical Training Agreements between UTHSC, the Doctors, and Bexar County Hospital District were "effective agreements" submitted to the Texas Board of Health and approved of by the commissioner of health as required by section 312.005 of the Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 312.005 (Vernon 2001). Notably, the Bustilloses themselves treated the medical training agreements as effective throughout the underlying proceeding. Because the Bustilloses treated the medical training agreements as effective in the trial court, we do not believe they may now challenge the effectiveness of the agreements on appeal.