Dismissed in Part, Affirmed in Part, and Opinion filed April 3, 2007









Dismissed
in Part, Affirmed in Part, and Opinion filed April 3, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00072-CV

____________

 

AMY YOUNG, M.D. AND BAYLOR COLLEGE
OF MEDICINE,
Appellants

 

V.

 

SILVIA VILLEGAS AND ARMANDO VILLEGAS,
INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF MARK ANTHONY VILLEGAS, A MINOR, Appellees

 





 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 03-49284

 





 

O P I N I O N

 

This is an interlocutory appeal in which the parents of a minor
child allegedly injured by negligent medical treatment at a public hospital
asserted healthcare-liability claims against a doctor and a supported medical
school.  Both the doctor and the medical school filed a motion to dismiss
for lack of subject-matter jurisdiction as well as a motion for summary
judgment asserting immunity under section 312.006 of the Texas Health and
Safety Code.  The medical school asserted no claims for affirmative relief
against any party, and the parents nonsuited all of their claims against the
medical school before the trial court ruled on the pending motions.  The
trial court later signed an order denying the doctor=s motion to
dismiss and motion for summary judgment.  The medical school seeks to
assert an interlocutory appeal from this order, claiming that, despite the
nonsuit, it is still a party in this case and it still may appeal from the
trial court=s interlocutory order.  We conclude the medical
school=s arguments lack
merit and dismiss its appeal for lack of appellate jurisdiction.  Because
the doctor is not a governmental unit, this court lacks appellate jurisdiction
over her appeal from the denial of her jurisdictional motion, and we dismiss
this appeal as well.  Finally, we conclude that, although we have
appellate jurisdiction over the doctor=s appeal from the
denial of her motion for summary judgment, the trial court did not err in
denying the motion.  Accordingly, we affirm the trial court=s denial of this
motion.

                       
I.  Factual and Procedural
Background     

Appellees Silvia Villegas and Armando Villegas,
Individually and as Parents and Next Friends of Mark Anthony Villegas,
(hereinafter collectively the AVillegases@) sued appellants
Dr. Amy Young and Baylor College of Medicine, asserting medical negligence
regarding the treatment that Sylvia and Mark Anthony received at Ben Taub
General Hospital during the labor and delivery of Mark Anthony and his twin
brother Benjamin Villegas.  Dr. Young and Baylor (hereinafter collectively
the ABaylor Parties@) first filed a
joint, traditional motion for summary judgment asserting immunity under section
312.006 of the Texas Health and Safety Code.[1] 
The Baylor Parties later filed a supplemental motion for summary judgment, in
which they added new summary-judgment evidence for their prior motion but did
not add any new summary-judgment grounds.  We refer to these two motions
collectively as the ASummary Judgment Motions.@  

 

The Baylor Parties also filed a joint motion to dismiss for
lack of subject-matter jurisdiction asserting they are immune from liability
and from suit, and they later filed supplemental motions to dismiss for lack of
subject-matter jurisdiction.  Although not so named, these motions
constitute pleas to the jurisdiction, and we refer to them collectively as the APleas to the
Jurisdiction.@

Baylor did not assert any counterclaim, crossclaim, or
other claim for affirmative relief against any party.  Before the trial
court ruled on the Summary Judgment Motions or the Pleas to the Jurisdiction,
the Villegases nonsuited all of their claims against Baylor.  More than
four months later, the trial court signed an order denying the Summary Judgment
Motions and the Pleas to the Jurisdiction as to Dr. Young.  Baylor=s lawyer argued
that, despite the nonsuit, Baylor was still in this case and that the trial
court should rule on these motions as to Baylor.  The trial court did not
do so.  

The Baylor Parties filed an interlocutory appeal from the
trial court=s order denying these motions as to Dr. Young,
asserting appellate jurisdiction under sections 51.014(a)(5) and 51.014(a)(8)
of the Texas Civil Practice and Remedies Code.  The Villegases have filed
a motion and a supplemental motion to dismiss this appeal for lack of appellate
jurisdiction.

                                           
II.  Issues Presented

On appeal, the Baylor Parties assert the following issues:

(1)     Did the trial court err
in denying Dr. Young=s motion to dismiss for lack of
jurisdiction, which is based on her immunity from suit as an employee of the
equivalent of a governmental unit under Texas Health and Safety Code section
312.001, et seq.?

(2)     Did the trial court err
in denying Dr. Young=s motion for summary judgment,
which is based on her immunity from liability under Texas Health and Safety
Code section 312.001, et seq. to the extent allowed by section 101.021
of the Texas Civil Practice and Remedies Code?

(3)     Did the trial court err
in refusing to rule on Baylor=s motion to dismiss for lack of jurisdiction, which is based on Baylor=s immunity from suit under Texas
Health and Safety Code section 312.001, et seq., such refusal being
tantamount to a denial of said motion?

 

(4)    
Did the trial court err in refusing to rule on Baylor=s motion for
summary judgment, which is based on its immunity from liability under Texas
Health and Safety Code section 312.001, et seq. to the extent allowed by
section 101.021 of the Texas Civil Practice and Remedies Code, such refusal
being tantamount to a denial of such motion?

                                                   
III.  Analysis

A.     
Does this court have appellate jurisdiction over Baylor=s appeal?

More than four months before the trial court signed the
order from which the Baylor Parties appeal, the Villegases nonsuited all of
their claims against Baylor.  The record reflects, and Baylor does not
dispute, that Baylor did not assert any counterclaims against the Villegases or
crossclaims against Dr. Young.  Nonetheless, Baylor asserts that it may
appeal the trial court=s interlocutory order under sections
51.014(a)(5) and 51.014(a)(8) of the Texas Civil Practice and Remedies
Code.  Baylor asserts the following arguments as to why this court has
jurisdiction over its appeal:

(1)     Lack of subject-matter
jurisdiction is fundamental and can be raised at any time. 

(2)     The trial court erred in
granting the Villegases= nonsuit of their claims against
Baylor and in refusing to rule on Baylor=s motions because it lacked subject-matter jurisdiction
over the Villegases= claims against Baylor and
therefore had no power to grant the Villegases= nonsuit.  

(3)     The Texas statutes
regarding sovereign immunity trump the Texas Rules of Civil Procedure regarding
nonsuits.

(4)     Once Baylor filed its
motions asserting the trial court lacked subject-matter jurisdiction, Baylor Aforever froze that issue in time@ so that the Villegases could not
nonsuit their claims against Baylor.

(5)     If the Villegases are
allowed to nonsuit their claims against Baylor, this does not put the parties
back in the position they were in before the lawsuit, and it deprives Baylor of
the protections of Chapter 312 of the Texas Health and Safety Code and Baylor=s ability to protect its
employees.  Baylor wishes to remain a party in this case to vindicate its
rights under Chapter 312 and to protect its employees.

(6)     The trial court=s refusal to rule on Baylor=s motions after the nonsuit is
tantamount to a denial of Baylor=s motions.

 

(7)     The nonsuit Agives the false impression that the
claims against [Baylor] no longer exist.@  Rather, even after the nonsuit, Aclaims against [Baylor] are still
pending as [the Villegases] continue to assert that the alleged negligence of
[Dr. Young] and other employees of [Baylor] injured [the] minor plaintiff.@

(8)     Baylor=s motions to dismiss based on the
immunity granted by Chapter 312 constitute claims for affirmative relief such that
Baylor is still a party in the trial court.

This court must strictly construe statutes authorizing
interlocutory appeals.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 355 (Tex. 2001).  Interlocutory orders are not appealable
unless explicitly made so by statute.  Stary v. DeBord, 967 S.W.2d
352, 352B53 (Tex. 1998).
Baylor seeks to establish appellate jurisdiction over the trial court=s interlocutory
order denying Dr. Young=s motions based on the following statute:

A person may appeal from an interlocutory order of a district court . .
. that:

. . .

(5)  denies a motion for summary judgment that is based on an
assertion of immunity by an individual who is an officer or employee of the
state or a political subdivision of the state;

. . .

(8) grants or denies a plea to the jurisdiction by a governmental unit
as that term is defined in Section 101.001 . . .

 

Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a) (Vernon
Supp. 2006).  While this statute does not expressly state that the motion
or plea denied by the trial court=s order must have
been asserted by the person who takes the interlocutory appeal, principles of
standing generally require this to be so.  See Elgin Indep. Sch. Dist.
v. R.N., 191 S.W.3d 263, 266 n.1 (Tex. App.CAustin 2006, no
pet.) (holding that individual defendants did not have standing to appeal
denial of plea to jurisdiction filed by co-defendant governmental unit). 
Therefore, for Baylor to invoke subsection (5), Baylor must be an individual
officer or employee of the state or a political subdivision of the state. 
Baylor does not claim to be such an individual, and Baylor does not argue that
it should be so treated under any statute.  Because Baylor falls outside
of this statutory category, we reject Baylor=s assertion that,
based on subsection (5), this court has appellate jurisdiction over Baylor=s appeal.  See
id.

Among other things, for jurisdiction to lie based on
subsection (8), Baylor must be appealing from an order of the trial court that
denies its plea to the jurisdiction.  However, the trial court did not
rule on any of Baylor=s pleas or motions in the only order
referenced in Baylor=s notice of appeal.  Baylor asserts,
without citing authority, that the trial court=s refusal to rule
is equivalent to a denial of its plea to the jurisdiction and motion for
summary judgment.  Baylor=s Arefusal to rule@ argument rests on
its premise that the nonsuit did not operate to remove Baylor as a party. 
Even accepting that premise, the statute in question authorizes interlocutory
appeals from an order in which the trial court grants or denies a plea to the
jurisdiction; this statute does not authorize an appeal from a trial court
refusal=s to rule on a
plea to the jurisdiction.  Because the trial court did not rule on Baylor=s plea to the
jurisdiction, subsection (8) does not provide a basis for appellate
jurisdiction either. 

 

The trial court had good reason for not ruling on Baylor=s pleas and
motions CBaylor was no
longer a party to the case.  When the Villegases nonsuited their claims
against Baylor, Baylor had not asserted any counterclaims, crossclaims, or
other claims for affirmative relief.  Although Baylor asserts that its
pleas to the jurisdiction and motions for summary judgment constitute affirmative
claims for relief, these pleas and motions sought dismissal of the Villegases= claims and did
not allege a claim, independent of the Villegases= claims, on which
Baylor could recover compensation or relief, even if the Villegases abandoned
or were unable to establish their claims.  Therefore, these pleas and
motions were not claims for affirmative relief.  See UTMB at Galveston
v. The Estate of Darla Blackmon, 195 S.W.3d 98, 101 (Tex. 2006).  The
Villegases= nonsuit was effective upon filing, and no order was
needed to dismiss the Villegases= claims against
Baylor.  Id. at 100B101.  Even if the Villegases
continued to allege negligence as to two employees of Baylor, these allegations
would not alter the reality that the Villegases no longer seek relief or assert
claims against Baylor.  Therefore, after the Villegases nonsuited their
claims against Baylor, Baylor=s pleas and motions were moot, and the
trial court correctly concluded that it could no longer rule on these pleas and
motions.  See id.     

Baylor=s arguments (1) through (5) above all
relate to its assertion that, if plaintiffs sue a defendant who enjoys immunity
from the suit filed by the plaintiffs, then the plaintiffs may not nonsuit
their claims after the defendant has filed a plea or motion asserting this
immunity.  Baylor cites no authority that so holds, and the Texas Supreme
Court has held to the contrary.  See id. (holding that plaintiff=s nonsuit of
claims against a defendant asserting sovereign immunity was effective upon
filing and mooted the case or controversy between the parties, even though
filed after the defendant had asserted a plea to the jurisdiction).[2] 
Furthermore, Baylor overlooks the narrow scope of this court=s jurisdiction over
interlocutory appeals.  Even if a trial court signs an interlocutory order
that is void for lack of jurisdiction, this court still has no jurisdiction to
entertain an interlocutory appeal from that order absent statutory authority. 
Fenno v. Sam Reece Air Cond. & Heating, Inc., 572 S.W.2d 810, 811 (Tex.
Civ. App.CHouston [14th Dist.] 1978, no writ).  Baylor has
not cited and we have not found any statute authorizing this court to entertain
an interlocutory appeal by Baylor in this case.  Even though Baylor wishes
to remain in this litigation to protect its employees and to show that the
claims formerly asserted against it would have been barred by immunity, no
statute prevents the Villegases from nonsuiting their claims against Baylor,
and no statute provides an independent basis for Baylor to assert an
interlocutory appeal under the facts of this case.

For the foregoing reasons, we conclude that this court
lacks jurisdiction over Baylor=s appeal and over the third and fourth
issues.  Accordingly, we grant the Villegases= supplemental
motion to dismiss Baylor=s appeal, and we dismiss Baylor=s appeal for lack
of appellate jurisdiction.  

 

B.     
Does this court have appellate jurisdiction over Dr. Young=s appeal from the trial court=s denial of her the Pleas to the
Jurisdiction?

Dr. Young asserts that this court has appellate
jurisdiction over her appeal from the trial court=s denial of the
Pleas to the Jurisdiction under section 51.014(a)(8) of the Texas Civil
Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(8).  However, to assert an appeal under this section, Dr. Young
must be a governmental unit as defined in section 101.001 of the Texas Civil
Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.001 (Vernon
2005).  Dr. Young does not claim to be such a governmental unit or that
she should be treated as one.  We conclude that Dr. Young is not a
governmental unit, and we have not found any statute that requires this court
to treat Dr. Young as if she were a governmental unit for the purposes of
determining whether she may assert an interlocutory appeal. We conclude that
this court lacks appellate jurisdiction over the first issue and over Dr. Young=s appeal from the
trial court=s denial of the Pleas to the Jurisdiction as to
her.  See Univ. of Houston v. Elthon, 9 S.W.3d 351, 354 (Tex. App.CHouston [14th
Dist.] 1999, pet. dism=d w.o.j.) (holding that employees of a
governmental unit are not a governmental unit and therefore may not appeal
under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code), disapproved
of on other grounds, Texas Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004).  Accordingly, we
dismiss Dr. Young=s appeal from the trial court=s denial of the Pleas
to the Jurisdiction as to her.[3]

C.     
Does this court have appellate jurisdiction over Dr. Young=s appeal from the trial court=s denial of the Summary Judgment
Motions?

 

The Villegases also move to dismiss Dr. Young=s appeal from the
trial court=s denial of the Summary Judgment Motions as to
her.  The Villegases assert that Dr. Young cannot appeal under section
51.014(a)(5) of the Texas Civil Practice and Remedies Code because  there
is no evidence that she is an officer or employee of the state or a political
subdivision of the state.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a). 
On appeal, Dr. Young asserts that, even though she is not such an officer or
employee, she should be treated as if she were one under section 312.007(a),
which states in pertinent part as follows:

A medical and dental unit, supported medical or dental school, or
coordinating entity is a state agency, and a director, trustee, officer,
intern, resident, fellow, faculty member, or other associated health care
professional or employee of a medical and dental unit, supported medical or
dental school, or coordinating entity is an employee of a state agency . .
.  for purposes of determining the liability, if any, of the person for the
person=s acts or omissions while engaged
in the coordinated or cooperative activities of the unit, school, or entity.

Tex. Health & Safety Code Ann. ' 312.007(a)
(Vernon 2001).  The record reflects that Baylor satisfies Chapter 312=s definition of
supported medical or dental school.  See id. ' 312.002(6)
(Vernon 2001) (defining Asupported medical or dental school@ as Aa medical school
or dental school organized as a nonprofit corporation that is under contract
with the Texas Higher Education Coordinating Board to provide educational
services under Subchapter D, Chapter 61, Education Code@).  The
evidence also shows that Baylor satisfies the following requirements of Chapter
312:

(1) that the supported medical or dental school agree, either directly or
through a coordinating entity, to provide or cause to be provided medical,
dental, or other patient care or services or to perform or cause to be
performed medical, dental, or clinical education, training, or research
activities in a coordinated or cooperative manner in a public hospital;

(2) that this contract be submitted to the Texas Board of Health and
approved by the Commissioner of Health.

 

See  id. '' 312.003, 312.004,
312.005 (Vernon 2001 & Vernon Supp. 2006).  Dr. Young is a faculty
member at Baylor.  Therefore, the evidence submitted by Baylor proves
that, under section 312.007(a), this court must treat Dr. Young as an employee
of a state agency for purposes of determining her liability, if any, for her
acts or omissions while engaged in the activities that gave rise to the
Villegases= claims.[4] 
See id. ' 312.007(a).  In determining the
liability, if any, of an employee of a state agency for her acts or omissions,
trial courts may rule on motions for summary judgment  asserting immunity,
and if trial courts deny such motions, then courts of appeals may entertain
interlocutory appeals from the order denying these motions.  See 
Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(5).  Therefore, we conclude that this court has appellate
jurisdiction over Dr. Young=s appeal from the trial court=s interlocutory
order denying the Summary Judgment Motions as to her.[5] 
See id. ' 51.014(a)(5); Tex. Health & Safety Code  Ann. ' 312.007(a); Mussemann
v. Villareal, 178 S.W.3d 319, 321B23 & nn.1
& 3 (Tex. App.CHouston [14th Dist.] 2005, pet. denied)
(entertaining interlocutory appeal under section 51.014(a)(5) by two Baylor
residents providing obstetric care at Ben Taub).  Accordingly, we deny the
Villegases= motion to dismiss Dr. Young=s appeal from the
trial court=s order denying her motion for summary judgment
asserting immunity under section 312.006.[6]


D.      Did the trial court err in
denying Dr. Young=s Summary Judgment Motions
asserting immunity under section 312.006?

 

In the Summary Judgment Motions, Dr. Young asserted that
she is immune from liability and suit under section 312.006 of the Texas Health
and Safety Code. See Tex. Health
& Safety Code Ann. ' 312.006 (Vernon 2001).  Dr. Young
also asserted that she was entitled to summary judgment because the Villegases
failed to give her notice under the Texas Tort Claims Act; however, this
argument is also based on Dr. Young=s assertion that
she is entitled to be treated as a governmental unit under section
312.006.  See id; Tex. Civ.
Prac. & Rem. Code Ann. ' 101.101(a)
(Vernon 2005) (requiring that notice of claim be given to a Agovernmental unit@ within six months
after the day the incident giving rise to the claim occurred).  Dr. Young
also filed a supplemental motion for summary judgment, in which she added new
summary-judgment evidence for her prior motion, but she did not add any new
summary-judgment grounds.  In sum, section 312.006 provides the sole basis
for the grounds asserted in the Summary Judgment Motions.

Under its unambiguous language, section 312.006 only
applies to A[a] medical and dental unit, supported medical or
dental school, or coordinating entity.@  See Tex. Health & Safety Code Ann. ' 312.006(a). 
Dr. Young does not assert that she falls within this category, and the
summary-judgment evidence does not prove as a matter of law that she
does.  Therefore, reviewing her traditional motion for summary judgment
under the familiar standard of review,[7]
we conclude the trial court did not err in denying the Summary Judgment Motions
as to Dr. Young, and we overrule the second issue.  

                                               
IV.  Conclusion

 

This court lacks appellate jurisdiction
over Baylor=s appeal from the trial court=s order because
Baylor had been nonsuited before the trial court signed the order and because
in that order the trial court did not rule on any motion filed by Baylor. 
This court does not have appellate jurisdiction over Dr. Young=s appeal from the
denial of her plea to the jurisdiction because she is not a governmental
unit.  Based on section 312.007 of the Texas Health and Safety Code, this
court has appellate jurisdiction to review the trial court=s denial of the
Summary Judgment Motions as to Dr. Young, but because Dr. Young did not prove
as a matter of law that she is entitled to the protections of section 312.006, the
trial court properly denied these motions as to her.  Accordingly, we
dismiss Baylor=s appeal in its entirety and dismiss Dr. Young=s appeal of the
trial court=s denial of the Pleas to the Jurisdiction.  We
affirm the trial court=s order denying the Summary Judgment
Motions as to Dr. Young.

 

 

 

/s/         
Kem Thompson
Frost                                                                                   
Justice

 

 

 

 

Judgment rendered and Opinion filed
April 3, 2007.

Panel consists of Justices Fowler,
Edelman, and Frost.














[1]  The Baylor Parties also filed a separate,
no-evidence motion for summary judgment; however, the Baylor Parties do not
seek to appeal from any ruling on this motion, so it is not relevant to this
appeal.





[2]  Baylor asserts that the UTMB at Galveston
case is not on point because it did not involve alleged immunity under Chapter
312 and because it involved only one defendant.  We conclude that these
differences are not material and that this case is on point as to the issues at
hand.





[3]  The Baylor Parties have cited several times Bustillos
v. Jacobs; however, none of the holdings in Bustillos are on point
with the issues raised in this case.  See 190 S.W.3d 728, 732B36 (Tex. App.CSan
Antonio 2005, no pet.).





[4]  The Villegases cite Baylor College of
Medicine v. Hernandez in support of their argument that this court lacks
appellate jurisdiction over Dr. Young=s
appeal from the denial of her motion for summary judgment.  See 208
S.W.3d 4 (Tex. App.CHouston [14th Dist.] 2006, pet. filed).  However,
that case is not on point because in Hernandez, the appellants did not
assert section 312.007 of the Texas Health and Safety Code as a possible basis
for appellate jurisdiction.  See id. at 9B11 & n.5.





[5]  Section 312.007 does not state that courts
should treat faculty members such as Dr. Young as state agencies or as
governmental units.  Therefore, this statute does not provide a basis for
Dr. Young to appeal under section 51.014(a)(8).  





[6]  This court has appellate jurisdiction under
section 51.014(a)(5) based on section 312.007.  However, we need not and
do not address the effect, if any, of section 312.007 on the defenses available
to Dr. Young in this case.  





[7]  See Mussemann, 178 S.W.3d at 323.