September 16, 2008

The Honorable Susan Combs
Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-0665

Re: Whether an applicant who has a leasehold interest in "qualified property" is eligible to apply for a limitation on the appraised value of the qualified property (RQ-0684-GA)

Dear Comptroller Combs:

Chapter 313 of the Tax Code, the Texas Economic Development Act, authorizes school districts to limit the appraised value of property in the district for the purposes of district-imposed maintenance and operation property taxes in accordance with the procedures and subject to the limitations described in the statute. *See* TEX. TAX CODE ANN. §§ 313.025(a), .027(a) (Vernon 2008). Tax Code section 313.025(a) authorizes "the owner of qualified property" to apply for the limitation on the appraised value "of the person's qualified property." *Id.* § 313.025(a). Section 313.021(2) defines the term "qualified property." *Id.* § 313.021(2). You ask "whether an applicant who has a leasehold interest in qualified property as defined in [section] 313.021(2) is eligible under [section] 313.025(a) to apply for a limitation on the appraised value of the qualified property."[1]

## I.     Background

### A.     Tax Code sections 313.021(a) and 313.025

Tax Code section 313.025(a) addresses persons, including corporations and other business entities, eligible to apply for the appraised value limitation. *See* TEX. TAX CODE ANN. § 313.025(a) (Vernon 2008); *see also id.* §§ 313.004(2)(C) (stating that chapter 313 should not be construed to allow a property tax or financial benefit to "a sole proprietorship, partnership, or limited liability partnership"), .024(a) (providing that subchapters B through D "apply only to property owned by an entity to which Chapter 171 [imposing franchise tax on "taxable entities"] applies"), 171.0002(a) (defining "taxable entity" for the purposes of chapter 171). The statute provides that "[t]he *owner of qualified property* may apply to the governing body of the school district in which the property

---

[1]*See* Letter from Honorable Susan Combs, Comptroller of Public Accounts, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Feb. 27, 2008) (on file with the Opinion Committee, *also available at* http://www .texasattorneygeneral.gov) [hereinafter Request Letter].

is located for a limitation on the appraised value . . . of the person's qualified property." *Id.* § 313.025(a) (emphasis added).  Section 313.021(2) defines "qualified property" to mean:

**(A) land**:

(i) that is located in an area designated as a reinvestment zone under Chapter 311 or 312 or as an enterprise zone under Chapter 2303, Government Code;

(ii) on which a *person* proposes to construct a new building or erect or affix a new improvement that does not exist before the date the *owner* applies for a limitation on appraised value under this subchapter;

(iii) that is not subject to a tax abatement agreement entered into by a school district under Chapter 312; and

(iv) on which, in connection with the new building or new improvement described by Subparagraph (ii), the *owner of the land* proposes to:

(a)  make a *qualified investment* in an amount equal to at least the minimum amount required by Section 313.023; and

(b)  create at least 25 new jobs;

**(B)** the new **building or other new improvement** *described* by Paragraph *(A)(ii)*; **and**

**(C)** tangible **personal property** that:

(i)  is not subject to a tax abatement agreement entered into by a school district under Chapter 312; *and*

(ii) except for new equipment described in Section 151.318(q) or (q-1), is first placed in service in the new building or in or on the new improvement *described* by *Paragraph (A)(ii)*, or on the land on which that new building or new improvement is located, if the personal property is ancillary and necessary to the business conducted in that new building or in or on that new improvement.

*Id.* § 313.021(2) (emphasis added); *see also id.* § 313.024(b) (additionally providing that property eligible for the appraised value limitation must be used in connection with the enumerated purposes).

A "qualified investment" referenced in section 313.021(2)(A)(iv) is also a defined term that overlaps to some extent with the definition of "qualified property." *Compare id.* § 313.021(1) *with id.* § 313.021(2)(B)–(C). In general, a "qualified investment" is an investment in (1) tangible personal property that is used in connection with the manufacturing, processing, or fabrication in a cleanroom environment of a semiconductor product, the operation of a nuclear power generation facility, or the operation of an integrated gasification combined cycle electric generation facility; or (2) a building or a permanent, nonremovable building component that houses authorized tangible personal property. *See id.* § 313.021(1). The land on which a building or building component is located is not a qualified investment. *Id.* § 313.024(c)(1); *see also id.* § 313.024(c)(2)–(3) (providing that property leased under a capitalized lease may be considered a qualified investment, but not property leased under an operating lease).

### B.    Proposed Comptroller rule and question presented

Your request is prompted by an objection to a rule proposed by your office setting forth who may be an "owner of the land" under section 313.021(2)(A). *See* Request Letter, *supra* note 1, at 1–2. An application to a school district for a limit on the appraised value is forwarded to the Comptroller of Public Accounts (the "Comptroller"). *See* TEX. TAX CODE ANN. § 313.025(b), (d) (Vernon 2008). The Comptroller is required to recommend to the school district whether the application should be approved or disapproved. *Id.* § 313.025(d). The Comptroller's recommendation must be based on the economic impact criteria set out in the statute and, after December 31, 2007, "on any other information available to the comptroller." *Id.* § 313.026(b). Section 313.031 requires the Comptroller to "adopt rules and forms necessary" to implement and administer chapter 313. *Id.* § 313.031(a); *see also* Request Letter, *supra* note 1, at 1.

Recently, the Comptroller repealed the agency rules adopted when chapter 313 first became effective in 2002, and proposed and adopted new rules. *See* Request Letter, *supra* note 1, at 1. One of the newly-proposed rules provided "that a person with an ownership interest in land, including [a] leasehold interest that is coextensive with the limitation agreement, is *an 'owner'* for purposes of § 313.021(2)." *Id.* (emphasis added); *see also* 32 Tex. Reg. 8106 (2007) (setting out proposed rule) (proposed Nov. 9, 2007). This provision was included, you explain, "because we recognized that many school districts had approved applications submitted under Chapter 313 by entities that leased land on which the qualified property would be placed, and we believed that there was no disagreement about the construction of the statute." Request Letter, *supra* note 1, at 1. During the statutory thirty-day comment period for the proposed rules, a public comment was submitted objecting and arguing that an "owner of" land does not include a lessee of land. *See id.*[2] (Because of the objection, the proposed rule was not adopted. *Id.* at 2; *see also* 33 Tex. Reg. 274 (2008)). Thus, although you frame your question in terms of an "applicant who has a leasehold interest in *qualified property*," we understand your concern to be with whether an applicant who has a leasehold

---

[2]*See also* Brief from F. Scott McCown, Executive Director, Center for Public Policy Priorities, to Honorable Greg Abbott, Attorney General of Texas, at 3 (Apr. 8, 2008) (on file with the Opinion Committee) [hereinafter CPPP Brief] (objecting to the construction of "owner of land" proposed by the Comptroller of Public Account's rule).

interest in *land* is eligible to apply for a limitation on the appraised value of qualified property to be placed on that land. *See* Request Letter, *supra* note 1, at 1–2.

## II.    Analysis

### A.    Applicable principles of statutory construction

Your question requires us to construe sections 313.021(2) and 313.025(a). We are guided by the following general principles of statutory construction. The primary objective in construing a statute is to give effect to the Legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Like a court, we must seek that intent "first and foremost" in the statutory language. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We apply the definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (citing TEX. GOV'T CODE ANN. § 311.011(b)). Otherwise, we construe the statutory words according to their plain and common meaning, unless a contrary intent is apparent from the context in which the words are used or it leads to absurd results. *Id.* at 625–26 (citing *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004), *Taylor v. Firemen's and Policemen's Civil Serv. Comm'n*, 616 S.W.2d 187, 189 (Tex. 1981), *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 n.20 (Tex. 2004)). We may also consider legislative history in construing a statute. *City of Rockwall*, 246 S.W.3d at 626 n.6 (citing TEX. GOV'T CODE ANN. § 311.023(3)).

In construing sections 313.021(2) and 313.025(a), we also adhere to the specific legislative direction for determining the meaning of terms used in chapter 313. Section 313.005 provides that words and phrases that are not specifically defined in chapter 313 have the meanings given or ascribed to them by Tax Code section 1.04 [general definitions] or by another section of Tax Code title 1 or title 3. *See* TEX. TAX CODE ANN. § 313.005 (Vernon 2008).

### B.    Owner of qualified property

Keeping in mind these general and specific principles of statutory construction, we turn to Tax Code chapter 313. Under section 313.025(a), "the owner of qualified property" is authorized to apply for a limitation on the appraised value of the person's qualified property. *Id.* § 313.025(a). On its face, section 313.025(a) requires that the applicant own "qualified property," but not necessarily land. *See id.* § 313.025(a); *see id.* § 1.04(1) (defining the term "property" to mean "any matter or thing capable of private ownership").

We consider then whether a land ownership requirement is imposed by the section 313.021(2) definition of "qualified property." As legislatively defined, "qualified property" is: (A) **land** (i) that is located in a reinvestment or enterprise zone, (ii) on which a "person" proposes to construct a new building or erect a new improvement, (iii) that is not subject to a tax abatement agreement, and (iv) on which "the owner of the land proposes to" make qualified investments in at

least the minimum amount and create at least twenty-five jobs, *see id.* § 313.021(2)(A);[3] (B) **new building or other new improvements** "described by Paragraph (A)(ii)," *i.e.,* land that is located in a reinvestment or enterprise zone, *see id.* § 313.021(2)(A)(ii), (B); *and* (C) **tangible personal property** (i) that is not subject to a tax abatement agreement and (ii) that is located in the new building or on the other new improvement "described by Paragraph (A)(ii)," *i.e.,* on land located in reinvestment or enterprise zone, or on the land itself on which the building or other improvement is located, *see id.* § 313.021(2)(A)(ii), (C).

In sum, "qualified property" in section 313.021(2) comprises three categories of property—land, building or other improvement on the land, *and* tangible personal property—and the reference to "owner of the land" is contained in only one of those described categories, land. "Owner of the land" or "owner" is a limitation with respect to building or improvement or tangible personal property only under a conjunctive view of section 313.021(2). The proposed Comptroller rule construing "owner of the land" to include an owner of a leasehold interest in the land implies a conjunctive construction of section 313.021(2).

### C.   Conjunctive/Disjunctive construction of qualified property

Based on the use of the connector "and," it could be argued that "qualified property" requires the existence of each of the described categories of property and, therefore, an "owner of qualified property" must necessarily own land. In other words, the same person must own the land, building or other improvement on the land, and tangible personal property in the building or improvement or on the land.[4] Ordinarily, the conjunctive "and" is not read as the disjunctive "or." *Bayou Pipeline Corp. v. R.R. Comm'n*, 568 S.W.2d 122, 125 (Tex. 1978). However, the Texas Supreme Court has ruled that "and" may be construed to mean "or" when it "is necessary to effectuate the Legislature's intent or to prevent an ambiguity, absurdity, or mistake." *Id.* Since that decision, appellate courts across Texas have construed "and" as an "or" when necessary to effectuate the Legislature's intent. *See, e.g., State v. Carmaco*, 203 S.W.3d 596, 601 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (construing "and" as an "or" in a penal statute in order to effectuate the Legislature's intent where such construction did not render the statute meaningless and where a contrary construction would result in an absurdity); *Bustillos v. Jacobs*, 190 S.W.3d 728, 735 (Tex. App.—San Antonio 2005, no pet.) (construing "and" as an "or" in a statute barring action against medical schools under certain circumstances in order not to thwart the purpose of the statute); *Neighborhood Comm. on Lead Pollution v. Bd. of Adjustment*, 728 S.W.2d 64, 68 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (noting

---

[3]*See also* TEX. TAX CODE ANN. §§ 313.025(f-1) (Vernon 2008) (authorizing school district's governing body to "waive the new jobs creation requirement in Section 313.021(2)(A)(iv)(b) or 313.051(b)" in certain circumstances); .051(b) (providing that in school districts meeting the required criteria, "a property owner is required to create only at least 10 new jobs on the owner's qualified property").

[4]The CPPP Brief argues that under the statutory definition of "qualified property," only an owner of land is authorized to propose qualified investments and create jobs; thus only such owner is eligible to apply for the appraised value limitation. *See* CPPP Brief, *supra* note 2, at 2. This view implies that paragraphs (A), (B), and (C) are conjunctive, and the same person must own the land as well as the building or other improvement and personal property located on the land.

that "[o]ne of the recognized usages of 'and' is to refer to 'either or both' of two alternatives, when 'or' might be interpreted as referring to only one or the other").

To determine the Legislature's intent, we look "first and foremost" at the statutory language. *Lexington Ins. Co.*, 209 S.W.3d at 85. First, we observe that the statute's use of the term the "owner" with respect to land and a "person" with respect to building or other improvement constructed or erected on the land indicates that the Legislature recognized that a person who owns the land may not necessarily be the same as a person who owns the building or improvement constructed or erected on the land. *See* TEX. TAX CODE ANN. § 313.021(2)(A) (Vernon 2008). Section 313.021(2)(A)(ii) refers to the land "on which a *person* proposes to construct a new building or erect or affix a new improvement that does not exist before the date the *owner* applies for a limitation on appraised value under this subchapter." *Id.* § 313.021(2)(A)(ii) (emphasis added). And subsection (2)(A)(iv) refers to the land "on which, in connection with the new building . . . described by Subparagraph (ii), the *owner of the land* proposes to" make the required qualified investments and create the required jobs. *Id.* § 313.021(2)(A)(iv). The quoted language suggests that "owner" when first used in paragraph (A)(ii) means the "owner of the land" later mentioned in paragraph (A)(iv). *See Ex parte Keller*, 173 S.W.3d 492, 498 (Tex. Crim. App. 2005) (stating that a word or phrase that is used within a single statute generally bears the same meaning throughout the statute). And it suggests that this "owner" may be different from the "person" referred to in paragraph (A)(ii) that proposes to construct or install buildings or other improvements on the land. *Cf. Ex parte Keller*, 173 S.W.3d at 498; *see also City of Dallas v. Heard*, 252 S.W.3d 98, 111 (Tex. App.—Dallas 2008, no pet. h.) ("We assume the legislature used different language in each subsection for a reason." (citing *Dewitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995))).

Second, the structure and language of the definition of "qualified property," while less than a model of clarity, indicate that "building or other new improvement" and "tangible personal property" each may constitute qualified property. These two categories are described separately in paragraphs (B) and (C) from "land" described in paragraph (A). Additionally, the Legislature repeats some, although not all, of the paragraph (A) land requirements for both "building or other new improvement" and "tangible personal property" described in paragraphs (B) and (C). Paragraph (B) describes building or other improvement with reference to paragraph (A)(ii)—land "on which a person proposes to construct a new building or erect or affix a new improvement." TEX. TAX CODE ANN. § 313.021(2)(B) (Vernon 2008). This reference—incorporating the requirement that land on which the building or improvement is constructed or erected is located in a reinvestment or enterprise zone—would be unnecessary if the previously described land and the new building or improvement together constituted "qualified property." *See id.* § 313.021(2)(A)(ii), (B). The reinvestment or enterprise zone location requirement is similarly repeated with respect to paragraph (C) tangible personal property described as "placed . . . in the new building or in or on the new improvement described by Paragraph (A)(ii), or on the land on which that new building or new improvement is located." *Id.* 313.021(2)(A)(ii), (C). And the requirement of not having entered into a tax abatement agreement found in paragraph (A) is also repeated with respect to tangible personal property in paragraph (C). *See id.* § 313.021(2)(A)(iii), (C). The repetition of some of the same requirements with respect to each property category would be unnecessary if land, buildings or other improvements, and tangible personal property must be owned together to constitute "qualified property."

Third, the definition of and requirements for qualified investment indicate that "building[s] or other new improvement[s]" and "tangible personal property" each constitute qualified property independent of land. *See id.* § 313.021(1). The stated purpose of chapter 313 is to "encourage large-scale capital investments in this state, especially in school districts" and "create new, high-paying jobs in this state." *Id.* § 313.003 (1)–(2). The "capital investment" sought here is defined expressly in terms of "tangible personal property that is first placed in service" *or* "a building or a permanent, nonremovable component of a building." *Id.* §§ 313.021(1) (defining "qualified investment"), .024(c) (providing additional requirements for determining eligibility for limitation). "For purposes of determining an applicant's eligibility for a limitation[,] . . . land . . . is not considered a qualified investment." *Id.* § 313.024(c). The fact that for the purposes of determining an applicant's eligibility for the appraised value limitation, buildings or building components *or* tangible personal property constitute qualified investment, while land does not, suggests that land ownership is not a requisite for such eligibility.

Fourth, the section 313.021(2) definition of "qualified property" largely tracks the general definition of "property" in Tax Code section 1.04 encompassing any or all of land, buildings or improvements, or tangible personal property. *See id.* §§ 1.04(1), 313.021(2); *see also id.* § 313.005 (directing that words and phrases in chapter 313 have the meanings given or ascribed in section 1.04 and other sections in titles 1 and 3 of the Tax Code). Under section 1.04, "property" means "any matter or thing capable of private ownership." *Id.* § 1.04(1). Under this general definition, the term "property" is broader than just "land"; it encompasses any or all of the following: land; buildings or other improvements on land; or personal property, including tangible personal property. *Id.*; *see also id.* § 1.04(2) (defining "real property" to include land, improvement, mine or quarry, mineral in place, standing timber, an estate or interest in one of these items), (3) (defining "improvement" as generally building or other structure affixed to land, or transportable structure designed to be occupied for residential or commercial purposes), (4) (defining "personal property" as property that is not real property), (5) (defining "tangible personal property" as "personal property that can be seen, weighed, measured, felt, or otherwise perceived by the senses"). We presume that the Legislature was aware of the general definition of the term "property" when it adopted chapter 313 and crafted the definition of "qualified property." *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the [L]egislature with complete knowledge of the existing law and with reference to it.").

Having considered "first and foremost" the statutory language, we turn to the legislative history of chapter 313, which suggests that the Legislature intended or understood chapter 313 to allow a person who owns any of the three categories of property to apply for the appraised value limitation. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1200, 77th Leg., R.S. (2001); *see also City of Rockwall*, 246 S.W.3d at 626 n.6 (stating that a court may consider legislative history when construing a statute). The Legislature enacted in 2001 chapter 313 by adopting House Bill 1200. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1505, §§ 1–5, 2001 Tex. Gen. Laws 5362, 5362–73. A bill analysis of House Bill 1200 states that "[a]pplicants would have to own qualified property, meaning land, new buildings or other new improvements, *or* tangible personal property not part of a school abatement agreement . . . ." HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1200, 77th Leg., R.S. (2001) at 2 (emphasis added).

## III.    Conclusion

Based on the structure and language of section 313.021(2), other provisions of chapter 313, the general Tax Code definition of "property," and legislative history, we believe that the intent of the Legislature's use of the word "and" was to extend the availability of chapter 313 to an owner of land, building or improvement, *or* tangible personal property, or any combination of such property. *See Lead Pollution*, 728 S.W.2d at 68 (holding that "and" may mean "either or both" or "any and all"). Accordingly, we construe section 313.021(2) disjunctively and determine that (A) land, (B) building or other improvement, or (C) tangible personal property each or in any combination may constitute "qualified property." Thus, a person who owns any one of these categories of property described in section 313.021(2)(A), (B), or (C) respectively, is an "owner of qualified property" under section 313.025(a) eligible to apply for a limitation on the appraised value of the qualified property. In answer to your question, we conclude that a person meeting the other requirements of chapter 313 who owns a building, other improvement, or tangible personal property is "the owner of qualified property" under section 313.025(a) and eligible to apply for a limitation on the appraised value of the qualified property irrespective of whether the person owns or leases the land on which such property is to be placed.

## S U M M A R Y

Tax Code section 313.025(a) authorizes "the owner of qualified property" to apply to a school district for a limitation on the appraised value of the qualified property for the purposes of school district-imposed maintenance and operation property taxes. Under Tax Code section 313.021(2), land, building or other improvement, and tangible personal property each constitute "qualified property." Accordingly, a person that owns a building or other improvement or tangible personal property is an "owner of qualified property" under section 313.025(a). Thus, a person meeting the other requirements of chapter 313 who owns such qualified property—building or other improvement or tangible personal property—is eligible to apply for a limitation on the appraised value of the person's qualified property irrespective of whether the person owns or leases the land on which the qualified property is to be placed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee