**Reversed and Remanded and Majority and Dissenting Opinions filed June 26, 2012.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-11-00368-CV

---

**KINGWOOD HOME HEALTH CARE, L.L.C. D/B/A HEALTH SOLUTIONS HOME HEALTH, Appellant**

**V.**

**AMEDISYS INC. D/B/A AMEDISYS TEXAS, LTD., Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-68291**

---

## M A J O R I T Y   O P I N I O N

The trial court granted summary judgment against Kingwood Home Health Care, L.L.C. d/b/a Health Solutions Home Health ("KHHC") on Amedisys Inc. d/b/a Amedisys Texas, Ltd.'s ("Amedisys") claim for breach of contract. In three issues, KHHC contends the trial court erred by granting summary judgment and striking portions of KHHC's summary-judgment evidence. We reverse and remand.

## I. BACKGROUND

Amedisys sued two of its former employees and KHHC for several causes of action allegedly arising from the former employees' acceptance of employment with KHHC. Amedisys ultimately settled with its former employees.

As described in detail below, KHHC made a written offer to Amedisys to settle its claims in exchange for $90,000.[1] Amedisys sent KHHC a letter which Amedisys contends constituted acceptance of all terms in the written offer. Thereafter, KHHC refused to pay Amedisys and filed a withdrawal of consent to settle. Amedisys amended its petition, asserting a claim against KHHC for breach of the purported settlement agreement.

Amedisys filed a traditional motion for summary judgment on its claim for breach of the settlement agreement. In its response to Amedisys's motion, KHHC argued it timely withdrew consent to settle and asserted certain affirmative defenses. Amedisys objected to portions of KHHC's summary-judgment evidence. On February 1, 2011, the trial court sustained Amedisys's evidentiary objections, granted Amedisys's motion for summary judgment, and ordered KHHC to pay Amedisys $90,000 pursuant to the parties' settlement agreement and $29,274.12 in attorney's fees.[2]

---

[1] In its purported offer, KHHC repeatedly stated the offer was made in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167. Chapter 42 and Rule 167 provide parties a method for making an offer to settle all monetary claims between them which, if rejected, will entitle the offeror to recover litigation costs if the judgment to be awarded on the monetary claims is significantly less favorable to the offeree than was the settlement offer. *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 42.001–42.005 (West 2008 & Supp. 2011); Tex. R. Civ. P. 167.1– 167.7. An offer of settlement made under Rule 167 "must not include non-monetary claims and other claims to which this rule does not apply." Tex. R. Civ. P. 167.2(d).

[2] Amedisys voluntarily dismissed one former employee on December 17, 2010 and the other former employee on February 2, 2011. Thus, the February 1, 2011 summary judgment in favor of Amedisys became final on February 2, 2011 when Amedisys's claims against the remaining former employee were dismissed.

## II. SUMMARY JUDGMENT

In its first issue, KHHC contends the trial court erred by granting Amedisys's motion for summary judgment.

### A. Standard of Review and Relevant Law

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary judgment must establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant establishes his right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We must take as true all evidence favorable to the nonmovant and draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Mendoza v. Fiesta Mart*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

The foundational element of a breach-of-contract claim is the existence of an enforceable contract. *See Expro Americas, LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2011, pet. filed). To create an enforceable common-law contract, there must be a clear and definite offer followed by a clear and definite acceptance in accordance with the offer's terms. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 73–74 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *see also Berg v. Wilson*, 353 S.W.3d 166, 172 n.9 (Tex. App.—Texarkana 2011, pet. denied) ("[S]ettlement agreements are governed by contract law.").

### B. Analysis

Amedisys presented the following summary-judgment evidence as proof that Amedisys accepted the terms of KHHC's settlement offer. KHHC's letter to Amedisys included the following language:

Please accept this letter as an offer of settlement regarding the above referenced matter. Specifically, [KHHC] makes this offer to pay [Amedisys] to settle all monetary claims between the parties in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167.

KHHC makes this offer of settlement at least sixty (60) days after KHHC has appeared in this case.

KHHC makes this offer of settlement at least fourteen (14) days before the case is set for conventional trial on the merits.

Offer of Settlement

KHHC offers to settle with Amedysis the following claims in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167:

KHHC offers a total sum of $90,000 to settle *all claims asserted or which could have been asserted by Amedisys against KHHC* in the above referenced case. *This full and final offer is for all monetary damages claimed – including attorneys fees, costs and interest that were recoverable as of the date of this offer by KHHC*. A lump-sum payment in the amount of $90,000 will be made by KHHC within fifteen (15) days after acceptance.

Amedisys may accept this settlement offer by serving written notice on KHHC's counsel before June 25, 2010, which is at least fourteen (14) days after this offer is served. If this offer is not accepted by 5:00 p.m. on June 25, 2010, it is deemed rejected and can serve as the basis for litigation costs under Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167.

I look forward to your response.

(emphasis added).

In response, Amedisys sent KHHC a letter containing the following language:

Pursuant to Rule 167.3(b) of the Texas Rules of Civil Procedure, [Amedisys] hereby Accepts [KHHC's] *offer to settle all monetary claims asserted against KHHC* for the total sum of $90,000, for which a lump sum payment shall be tendered to Amedisys by KHHC within fifteen days after acceptance.

4

> I will contact you early next week to discuss the preparation and execution of a settlement agreement that memorializes all necessary settlement terms.

(emphasis added).

KHHC argues that Amedisys's letter was not an effective acceptance of the settlement offer because Amedisys did not accept all material terms of the offer.[3] An acceptance must be identical with the offer in order to make a binding common-law contract. *Antonini v. Harris Cnty. Appraisal Dist.*, 999 S.W.2d 608, 611 (Tex. App.— Houston [14th Dist.] 1999, no pet.). A purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counteroffer rather than an acceptance. *Parker Drilling*, 316 S.W.3d at 74. When "negotiations" are in writing, the question of whether an offer was unconditionally accepted is primarily a matter of law for the court. *Antonini*, 999 S.W.2d at 611. Contracts should be examined on a case-by-case basis to determine which terms are material or essential. *Parker Drilling*, 316 S.W.3d at 74.

KHHC argues that Amedisys failed to accept a material term of KHHC's offer— namely, that the settlement would include all claims which could have been asserted against KHHC. Amedisys contends its statement "all monetary claims asserted" was sufficient to accept KHHC's offer because the offer included the phrase "all monetary damages claimed."[4] However, this contention ignores the fact that KHHC offered "to

---

[3] Amedisys contends KHHC may not argue for the first time on appeal that Amedisys's purported acceptance of the settlement offer was ineffective. However, KHHC may challenge for the first time on appeal the legal sufficiency of the evidence supporting Amedisys's motion, including evidence supporting the existence of a contract. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118–19 (Tex. App.—Houston [14 Dist.] 2007, no pet.). "[A] challenge to the legal sufficiency of the movant's summary judgment proof is challengeable regardless of whether the non-movant answers or responds to the movant's motion for summary judgment." *Bustillos v. Jacobs*, 190 S.W.3d 728, 734 (Tex. App.—San Antonio 2005, no pet.).

[4] To the extent Amedisys contends its language was sufficient to effect acceptance of all terms of KHHC's offer, we disagree. In its letter, Amedisys stated, "[Amedisys] hereby Accepts [KHHC's] offer *to settle* all monetary claims asserted against KHHC." (emphasis added). The term "settle," as used in this context, could be interpreted as Amedisys's intent to release only its presently asserted monetary claims, reserving its right to file against KHHC any other monetary and non-monetary claims stemming from the underlying incident. *See Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 859–60 (Tex. 1999) (explaining offeror's use of term "settle" "implicitly if not explicitly required [offeree] to release his claims"); *see also Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (recognizing that claims not mentioned in a release are not discharged).

settle all claims asserted *or which could have been asserted*."  (emphasis added).  We conclude Amedisys did not accept all material terms of KHHC's offer.  *See Parker Drilling*, 316 S.W.3d at 74.[5]

Accordingly, Amedisys's letter was not a valid acceptance of KHHC's offer, and the parties do not have a binding settlement agreement.  We sustain KHHC's first issue, reverse the trial court's summary judgment, and remand for further proceedings.[6]

/s/    Charles W. Seymore
       Justice

Panel consists of Justices Frost, Seymore, and Jamison.  (Jamison, J., dissenting).

---

[5] Amedisys also argues that it accepted all terms of KHHC's offer because Amedisys did not specifically object to any terms of the offer.  *See* Tex. R. Civ. P. 167.2(c) (providing that offeree may object to unreasonable conditions of offeror's Rule 167 offer of settlement, and "an offer made subject to a condition determined by the trial court to have been unreasonable cannot be the basis for an award of litigation costs under this rule").  However, Amedisys does not cite any authority supporting the proposition that a responding party rejects or modifies the terms of an offer only when the party specifically objects to the terms.  Moreover, such proposition is inconsistent with well-settled law that an agreement is formed only when the offeree accepts all material terms of an offer.

[6] We need not consider KHHC's remaining issues because our resolution of KHHC's first issue is dispositive of this appeal.

6