**Affirmed and Memorandum Opinion on Remand filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00368-CV

---

### KINGWOOD HOME HEALTH CARE, L.L.C., D/B/A HEALTH SOLUTIONS HOME HEALTH, Appellant

### V.

### AMEDISYS, INC., D/B/A AMEDISYS TEXAS, LTD., Appellee

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2009-68291**

---

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

Amedisys, Inc., d/b/a Amedisys Texas, Ltd. ("Amedisys") sued Kingwood Home Health Care L.L.C., d/b/a Health Solutions Home Health ("Kingwood") for tortious interference with non-solicitation agreements between Amedisys and two of its employees. Following the second mediation, and pursuant to Texas Rule of Civil Procedure 167[1] and Texas Civil Practice & Remedies Code Chapter 42,

---

[1] Texas Rule of Civil Procedure 167 provides "If a settlement offer made under this rule

Kingwood tendered to Amedisys a written settlement offer. *See generally* Tex. R. Civ. P. 167; Tex. Civ. Prac. & Rem. Code Ann. §§ 42.001–42.005 (West, Westlaw through 2013 3d C.S.).[2]

Amedisys accepted Kingwood's offer. Kingwood did not tender the settlement proceeds. Amedisys amended its pleadings to assert a breach-of-contract claim regarding Kingwood's refusal to abide by the agreement. Amedisys filed a motion to enforce the agreement and also filed a motion for summary judgment. The trial court granted Amedisys's motion for summary judgment. Kingwood appealed.

On original submission, this court reversed and remanded, with one justice dissenting, holding "Amedisys's letter was not a valid acceptance of Kingwood's offer, and the parties do not have a binding settlement agreement." The court did not address Kingwood's remaining issues. *See Kingwood Home Health Care, L.L.C. v. Amedisys, Inc.*, 375 S.W.3d 397, 400–401 (Tex. App.—Houston [14th Dist.] 2012), *rev'd and remanded*, *Amedisys, Inc. v. Kingwood Home Health Care*, 437 S.W.3d 507 (Tex. 2014). Amedisys appealed to the Supreme Court of Texas.

The supreme court concluded the evidence conclusively established Amedisys's clear intent to accept Kingwood's offer, thereby creating a binding settlement agreement, reversed this court's judgment, and remanded "for further proceedings consistent with this opinion." *See Amedisys,* 437 S.W.3d at 517–518. Specifically, the supreme court noted Kingwood argued to this court that fact

---

is rejected, and the judgment to be awarded on the monetary claims covered by the offer is significantly less favorable to the offeree than was the offer, the court must award the offeror litigation costs against the offeree from the time the offer was rejected to the time of judgment."

[2] "If a settlement offer is made and rejected and the judgment to be rendered will be significantly less favorable to the rejecting party than was the settlement offer, the offering party shall recover litigation costs from the rejecting party." Texas Civil Practice & Remedies Code Ann. § 42.004(a).

issues existed regarding its fraudulent-inducement and failure-of-consideration defenses. *Id*.

After further consideration of these issues, we affirm the trial court's judgment.

## I. BACKGROUND

Amedisys and Kingwood are competitors in the home health field. Following the departure of two of its employees with whom Amedisys had non-solicitation agreements, Amedisys sued Kingwood for its alleged improper use of Amedisys's trade secrets, unfair competition, and tortious interference. After participating in two mediations, on June 11, 2010, Kingwood sent an offer of settlement to Amedisys, providing:

> Please accept this letter as an offer of settlement . . . . Specifically, my client, [Kingwood] makes this offer to pay your client, [Amedisys] to settle all monetary claims between the parties . . . in accordance with Texas Civil Practice and Remedies Code Chapter 42 and Tex. R. Civ. P. 167 [for] a total sum of $90,000 . . . . A lump-sum payment in the amount of $90,000 will be made by [Kingwood] within fifteen (15) days after acceptance. . . . Amedisys may accept this settlement offer by serving written notice on [Kingwood's] counsel before June 25, 2010. . . .

At no time prior to Amedisys's acceptance of the offer of settlement did Kingwood withdraw it.[3] *See* Tex. R. Civ. P. 167.3. On June 25, Amedisys notified Kingwood of its acceptance of the offer of settlement. Despite the terms of the offer and Amedisys's requests, Kingwood did not tender the settlement funds.

On June 16, prior to accepting Kingwood's offer, Amedisys filed its designation of expert witnesses.[4] Kingwood also filed its expert designations. On

---

[3] Kingwood filed a notice of withdrawal of consent in August, 2010.

[4] Amedisys designated an attorney to testify on attorneys' fees, and the senior vice

3

June 21, Kingwood filed a motion to strike Amedisys's designation, asserting the designations were due May 22, and set the motion for hearing on July 12. Kingwood's motion to strike did not mention that timely designation of expert witnesses was consideration for its offer of settlement. The parties disputed whether Amedisys's designation was timely—that question is not before us. On July 12, the trial court granted Kingwood's motion to strike. Amedisys contends it did not respond to the motion to strike and did not appear at the hearing because it believed the case was settled on June 25.

Amedisys filed a motion to enforce the settlement agreement, amended its pleadings to assert a breach-of-contract claim, and filed a motion for summary judgment urging that there was a valid and enforceable contract to settle the suit, which Kingwood materially breached. Kingwood responded that the settlement offer was obtained through fraud; specifically, that Amedisys repeatedly asserted it would never settle its suit for less than six figures,[5] and that the consideration for the offer failed when Amedisys did not timely designate expert witnesses.

As explained above, Kingwood appealed to this court asserting the trial court erred in impliedly determining there were no genuine issues of material fact regarding Kingwood's affirmative defenses, and the trial court erred in striking portions of the affidavit of Charles Snider, which supported the motion and was directed to Kingwood's defenses. This court concluded Amedisys's letter was not a valid acceptance of Kingwood's offer; thus, there was no binding agreement. This court did not address Kingwood's remaining issues.

---

president and controller of Amedisys to testify on damages.

[5] "As it turns out, Kingwood did not want Amedisys to accept the offer and made it only because Amedisys said it would not accept an offer under six figures. Instead, Kingwood made the offer merely to trigger a right to recover its litigation costs under rule 167." *See Amedisys*, 437 S.W.3d at 509.

4

The supreme court held the evidence conclusively established Amedisys's clear intent to accept Kingwood's settlement offer, that the agreement is binding, and remanded for our consideration of Kingwood's remaining issues. *See Amedisys*, 437 S.W.3d at 517–18.

## II. ISSUES ON REMAND

Based on the supreme court's instruction to consider "the outstanding undecided issues," we consider whether there are genuine issues of material fact regarding Kingwood's affirmative defenses. Kingwood contends the affidavit of fact witness, Charles Snider, creates genuine issues of fact on its affirmative defenses of fraud and fraud in the inducement. Kingwood further argues the consideration for the settlement agreement failed due to the untimely designation of expert witnesses filed by Amedisys, thereby precluding the trial court's order granting Amedisys's motion for summary judgment.

## III. ANALYSIS

A party seeking a traditional summary judgment must conclusively prove all elements of its claims; that is, prove its entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). Where, as here, a party asserts an affirmative defense to defeat a summary judgment, it must do more than merely plead the affirmative defense. The non-movant must come forward with evidence sufficient to raise a fact issue on each element of at least one of its affirmative defenses. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Amedisys moved for summary judgment to enforce the settlement agreement. Kingwood sought to avoid summary judgment on the affirmative

5

defenses of fraud, fraudulent inducement, and failure of consideration. Therefore, Kingwood was required to create a fact issue on every element of at least one affirmative defense. *See McLernon* v. *v. Dynegy, Inc.*, 347 S.W.3d 315, 335 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Justifiable reliance is an essential element common to both fraud and fraudulent inducement. *See Nat'l Property Holdings, L.P. v. Westergren*, No. 13-0801, —S.W.3d—, —, 2015 WL 123099, at *2–4 (Tex. Jan. 9, 2015); *Sawyer v. E.I. Du Pont de Nemours and Co.*, 430 S.W.3d 396, 401 (Tex. 2014).

To create a fact issue, Kingwood relies solely on the affidavits of Charles Snider. Kingwood complains that the trial court erred by ruling that certain statements in Snider's affidavits are conclusory and striking the statements. Kingwood contends that these statements are competent summary judgment evidence. We need not consider whether the trial court erred by excluding the evidence; we will assume without deciding that the statements in the affidavits are not conclusory because they fail to raise a fact issue.

The pertinent language of the affidavits is:

Affiant attended mediation on behalf of [Kingwood] in this matter on or about June 10, 2010. At the mediation, an agent of Amedisys . . . made explicit and emphatic statements that Amedisys would never settle this lawsuit for less than six figures . . . . Affiant took the statement's [sic] from Amedisys' agent as true and as such formulated a settlement offer based upon [sic] Tex. R. Civ. P. Rule 167 for $90,000.

Affiant has personal knowledge that Kingwood relied upon the assertions made by Amedisys that it would never settle with Kingwood for less than six figures and as a result, invoked the statutory settlement offer set forth in Tex. R. Civ. P. 167. . . .

Affiant has personal knowledge that Amedisys' misrepresentations in this case have caused Kingwood injury.

Amedisys' statements were false and purposely made to induce

6

[Kingwood] to make the $90,000 offer knowing full well that it would accept a settlement of less than six figures.

Affiant has personal knowledge that Amedisys' representation that it would never settle with [Kingwood] for less than six figures was material [and that] Amedisys made its representations to [Kingwood] with the intent that it act [sic] upon the misrepresentations and in fact [Kingwood] did rely upon the representations of Amedisys that it would not settle this case for less than six figures.

Affiant has personal knowledge that Kingwood would not have made such Rule 167 offer of $90,000 had it not been for the statements of Amedisys' agent stating emphatically that Amedisys would never settle this pending litigation for less than six figures.

Affiant has personal knowledge that it was Amedisys' statements regarding the fact that Amedisys would never settle this litigation for less than six figures that induced Affiant . . . to make the settlement offer on behalf of [Kingwood] for $90,000.

Affiant has personal knowledge and is familiar with the statements made by [Amedisys] prior to June 11, 2010 in the above entitled cause of action, regarding settlement amounts.  Specifically, Affiant has personal knowledge that Amedisys made repeated assertions that it would never settle with [Kingwood] for less than a six digit figure.

Affiant has personal knowledge that Amedisys' representation that it would never settle with [Kingwood] for less than six figures was material in [Kingwood's] consideration of the settlement offer. Affiant has personal knowledge that Amedisys made its representations to [Kingwood] with the intent that it act [sic] upon the misrepresentations of Amedisys that it would not settle this case for less than six figures.

## A.    Fraud and Fraudulent Inducement

To prove the affirmative defense of fraud or of fraudulent inducement, Kingwood must prove that, in making the Rule 167 settlement offer, it justifiably relied upon the alleged representations of Amedisys that it would never settle this lawsuit for less than six figures. *See Nat'l Property Holdings, L.P.,* — S.W.3d at —, 2015 WL 123099, at *2–4; *Sawyer*, 430 S.W.3d at 401; *Italian Cowboy*

7

*Partners v. Prudential Inc.*, 341 S.W.3d 323, 377 (Tex. 2011.

Kingwood chose to present an offer of settlement which Amedisys could accept, counter, or reject. Amedisys accepted the offer as presented. Even presuming that an agent of Amedisys, an opposing party, made repeated statements that Amedisys would never settle this lawsuit for less than six figures, no summary-judgment evidence raises a genuine fact issue as to whether Kingwood justifiably relied upon these statements when it allegedly made the $90,000 settlement offer presuming that it would never be accepted. *See Nat'l Property Holdings, L.P.*, — S.W.3d at —, 2015 WL 123099, at *2–5 (holding that evidence was legally insufficient to support a finding that party justifiably relied on alleged representations); *Graybar Electric Co. v. LEM & Assocs., L.L.C.*, 252 S.W.3d 536, 546-47 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that evidence was legally insufficient to support a finding that party justifiably relied on alleged representation); *Atlantic Lloyds Ins. Co. v. Butler,* 137 S.W.3d 199, 226–27 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (affirming summary judgment as to fraud claim because there was no genuine issue of material fact as to whether the plaintiff's alleged reliance was justifiable); *Beal Bank, S.S.B. v. Schleider,* 124 S.W.3d 640, 651–52 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding that there was no evidence to support jury's finding that plaintiff's alleged reliance on lender's alleged statements was justifiable); *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.,* 907 S.W.2d 904, 909 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding there was no evidence to support jury's finding that alleged reliance by borrower on alleged oral assurances by lender that loan restructuring proposal would be accepted was justifiable).

Thus, Kingwood has failed to raise a fact issue on its affirmative defenses of fraud and fraudulent inducement. *See also Jones v. Thompson*, 338 S.W.3d 573,

584 (Tex. App.—El Paso 2010, pet. denied) (holding purchaser cannot be liable for fraud if he offers a price below market value and the seller accepts it); *Anglo-Dutch Petroleum Intern., Inc. v. Shore Harbour Capital Mgmt Corp.*, No. 01-09-00417-CV, 2011 WL 862117, at *3 (Tex. App.—Houston [1st Dist.] Mar. 10, 2011, no pet.) (mem. op.) (stating the reliance on representation that a "deal would close" was not justifiable because it was not a representation that a future event certainly would occur); *Marburger v. Seminole Pipeline Company*, 957 S.W.2d 82, 86–87 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (citing *Keasler v. Natural Gas Pipeline Co. of America*, 569 F.Supp. 1180, 1187 (E.D. Tex. 1983), *aff'd* 741 F.2d 1380 (5th Cir. 1984)) (reasoning that to determine if an offer is non-negotiable, the offerees had only to make a counter-offer, and representation that an offer is the best and final is not actionable as a matter of law).

## B.    Failure of Consideration

Finally, Kingwood argues its affirmative defense of failure of consideration precludes the summary judgment in favor of Amedisys.[6]  While not entirely clear, it appears Kingwood asserts that there was a failure of consideration because Amedisys did not designate its expert witnesses in a timely fashion, and the trial court struck the expert witnesses; therefore, the settlement agreement is unenforceable.

Consideration includes a benefit to the promisor or a detriment to the promisee and is a present exchange bargained for in return for a promise.  *See Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991).

Failure of consideration generally occurs when, because of some

---

[6]    Failure of consideration differs from lack of consideration—the latter refers to a contract that lacks mutuality of obligation.  *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997).

supervening cause after an agreement is reached, the promised performance fails. *Walden v. Affiliated Computer Servcs., Inc.*, 97 S.W.3d 303, 320–21 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Complete failure of consideration is a defense to a breach-of-contract action on which Kingwood had the burden to raise a fact issue. *See id.* at 321 (citing *Gensco, Inc. v. Transformaciones Metalurgicias Especiales, S.A.*, 666 S.W.2d 549, 553 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd)); *see also McLernon*, 347 S.W.3d at 335 (citing *Kaye/Bassman Intern Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 814 (Tex. App.—Dallas 2010, pet. denied)). For the failure-of-consideration defense to preclude summary judgment in favor of Amedisys, the summary-judgment evidence must raise a genuine issue as to whether Amedisys's timely designation of its expert witnesses was part of the performance promised by Amedisys in the settlement agreement between Kingwood and Amedisys. *See Walden*, 97 S.W.3d at 320–21.

In support of its defense to enforcement of the contract, Kingwood offered in its response to Amedisys's motion for summary judgment:

> . . . Affiant has personal knowledge that the consideration that Kingwood would have received as a result of a settlement with Amedisys either failed and/or was materially reduced as a result of the Court's Order Granting Kingwood's Motion to Strike Amedisys' Expert Designations.

Snider's affidavit suggests Kingwood's consideration was the *timely* designation of expert witnesses. Yet, Kingwood made its offer on June 11, three weeks *after* it claims Amedisys's expert designations were due. The specific terms of Kingwood's offer do not mention designation of experts. Rather, Kingwood unequivocally offered $90,000 to settle "all claims asserted or which could have been asserted by Amedisys against [Kingwood]" in the suit. Nowhere in the offer or acceptance does Kingwood request, or Amedisys promise, that Amedisys will timely designate its expert witnesses, nor could Kingwood do so because it made

the settlement offer *after* it claims the expert designations were due. Under the applicable standard of review, the summary-judgment evidence does not raise a fact issue as to whether Amedisys's timely designation of its expert witnesses was part of the performance promised by Amedisys in the settlement agreement or whether Amedisys's untimely designation of expert witnesses constituted a failure of consideration. *See id.* Accordingly, the summary-judgment evidence does not raise a genuine fact issue as to each element of the defense of failure of consideration.

We overrule appellant's first issue.

We have addressed the argument regarding Kingwood's alleged affirmative defenses, without addressing whether the trial court erred in striking portions of Snider's affidavits. Thus, we have addressed all arguments necessary to the disposition of this appeal, and we need not address the second and third issues.

We affirm the judgment of the trial court.


/s/    John Donovan
Justice


Panel consists of Chief Justice Frost and Justices Jamison and Donovan.