**GENSCO, INC., Appellant,**

v.

**TRANSFORMACIONES METALURGICIAS ESPECIALES, S.A., Appellee.**

No. B14–83–266CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 12, 1984.

Rehearing Denied Feb. 9, 1984.

Mike Morris, William C. Book, Jr., Tekell, Book & Matthews, Houston, for appellant.

Dan Matthews, Fulbright & Jaworski, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal is from a summary judgment in a breach of contract action in favor of appellee, Transformaciones Metalurgicias Especiales, S.A. for a total of $1,171,408.25 ($961,500.12 principal due, interest at the rate of 1.5 percent per month as per the parties' agreement equalling $193,245.88 and $16,662.25 attorney's fees).

Appellant, Gensco, Inc. brings eleven points of error. Points of error one, two and three assert that the court erred in granting appellee's motion for summary judgment because the summary judgment proof failed to establish as a matter of law that there was no genuine issue of fact as to appellee's compliance with and performance of its part of the written agreement and as to appellant's breach of the written agreement. In point of error four, appellant claims that the summary judgment proof established a genuine issue of material fact on appellant's affirmative defense of failure of consideration. Point of error five alleges that the summary judgment proof failed to establish as a matter of law that there is no genuine issue of fact as to a principal due and owing in the amount of $961,500.12.

Points of error six, seven and eight complain about the interest the court awarded. In point of error six, appellant asserts that the rate of 1.5 percent per month was not supported by appellee's pleadings. Point of error seven claims that this recovery was not expressly set forth in Appellee's Motion for Summary Judgment. Point of error eight alleges that the summary judgment proof failed to establish as a matter of law that there was no genuine issue of fact as to the due dates after which prejudgment interest commenced to accrue.

In points of error nine and ten, appellant claims that the trial court erred in granting summary judgment for attorney's fees because the summary judgment proof failed to establish as a matter of law that there was no genuine issue of fact as to presentment of appellee's claim to appellant pursuant to Article 2226 and as to reasonable attorney's fees. Point of error eleven claims that the trial court erred as a matter of law in granting summary judgment for

attorney's expenses in addition to attorney's fees.

On or about January 13, 1981, appellee, a Spanish corporation which manufactures oil field tubular goods, began negotiations for the sale of a large quantity of casing to appellant, a Texas corporation which distributes pipe and casing utilized in the drilling of oil and gas wells. Pursuant to the telex provisions, appellant issued Purchase Order Number 10282 which confirmed the parties' agreement. Appellant commenced the manufacture and shipment of the agreed upon casing.

The original agreement contemplated that appellee would sell the casing to appellant, and that appellant would secure payment of the purchase price by letters of credit. However, the letter of credit posted by appellant to secure payments for the casing expired when appellee had delivered only about two-thirds of the casing. At that time, numerous customers had notified appellant of claims for damage caused by defective casing from the shipment.

On or about November 12, 1981, the parties entered into a written modification of the original agreement. In this agreement Gensco agreed to make timely payment, notwithstanding the third-party claims, in exchange for appellee investigating the claims and negotiating settlement of those it found legitimate and proceeding without letter of credit guaranteeing appellant's payment. The agreement specifically provided that appellant would look to remedies other than withholding payment to enforce its asserted rights with respect to the third-party claims.

Despite this agreement, appellant refused to pay the amount due. Appellee had not negotiated settlement of any of the third-party claim when it filed a Motion for Summary Judgment seeking $961,500.12, attorney's fees and prejudgment interest at the statutory rate of six percent per annum. The trial court rendered summary judgment in favor of appellee. We affirm.

▮▮▮▮ By its points of error one, two, three and five appellant attacks the legal sufficiency of the summary judgment proof to support the trial court's summary judgment for breach of a written agreement. The following rules should guide an appellate court reviewing summary judgment proof:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rule 166–A(c), Texas Rules of Civil Procedure; *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286 (1957).

3. Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Hudnall v. Tyler Bank & Trust Co.*, 458 S.W.2d 183 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233 (1956).

*Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975).

▮▮▮▮ Appellant argues that appellee has not proven appellant's breach of the agreement by its failure to pay $961,500.12 of the purchase price of the goods. The invoices in evidence, however, and the admissions by appellant that it owed the money not paid show appellant's breach. In its answers to appellee's request for admissions, appellant admitted that it accepted the goods and that the amounts reflected by the invoices were the agreed prices and that it had not paid the full purchase price on any of the invoices. This evidence showed that appellant breached the agreement in the amount of $961,500.10. The trial court, however, awarded $961,500.12 as requested in appellee's pleadings. In this respect only we modify the judgment of principal of $961,500.12 to judgment of principal in the amount of $961,500.10,

making the total amount of the judgment $1,171,408.23. We overrule points of error one, two, three and five.

Appellant's point of error four claims that the written modification of the original agreement was not binding because there was no consideration by appellee for appellant's agreement to seek remedies other than withholding the purchase price in order to settle third-party claims. Appellant bases this argument on the fact that appellee has not yet settled any of the third-party claims.

■ A complete failure of consideration constitutes a defense to an action on a written agreement. *Rio Grande Nat. Life Ins. Co. v. Faulkner*, 241 S.W.2d 468 (Tex. Civ.App.—Dallas 1951, writ ref'd n.r.e.). A partial failure of consideration is not grounds for recission of the contract, but merely entitles that injured party to a suit for damages. *Huff v. Speer*, 554 S.W.2d 259 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). In our case, however, there was no failure of consideration. Appellee's consideration was its agreement to proceed without a letter of credit and to negotiate the settlement of third-party damage claims.

■ Knowles, appellant's president, testified, in his deposition, that appellee has begun its efforts to settle these claims. That this process may not be proceeding as rapidly as appellant wished does not nullify the attempted efforts. Time is not of the essence in a contract unless the contract so specifies, and failure to perform by an arbitrary date not contained in the contract is not a breach of the contract. *Laredo Hides Co. v. H & H Meat Prods. Co.*, 513 S.W.2d 210 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Because there is no provision placing a time limit on appellee's settlement attempts, Texas courts will presume that the agreement is to be performed within a reasonable time. *Wade Contractors, Inc. v. C.W. & A., Inc.*, 589 S.W.2d 505 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Appellee has demonstrated its good faith adherence to the contract by commencing negotiation of the claims. We overrule point of error four.

■ In points of error six, seven and eight, appellant complains about the prejudgment interest the trial court awarded. Appellee's pleadings requested judgment for interest at the rate set forth in the written agreement. The amount in that agreement was 1.5 percent per month. Therefore, contrary to appellant's contention, the awarded interest rate was supported by appellant's pleadings. In its Motion for Summary Judgment, however, appellant requested interest at the statutory rate. Tex.Rev.Civ.Stat.Ann., art. 5069–1.03 (Vernon Supp.1982–83). This statute provides:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

While Rule 166–A(c) requires that the Motion for Summary Judgment shall state the specific grounds for recovery, Tex.R.Civ.P. 166–A(c), the Texas Supreme Court has held that the purpose of this requirement is to provide the opposing party with information for the opposing motion and to define the issues for the purpose of summary judgment. *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771 (Tex.1978). The purpose of this rule was fulfilled because appellee's pleadings gave appellant notice of the 1.5 percent per month rate and opportunity to defend against this claim. The motion set out specific grounds for recovery but made a general statement as to the amount of interest. The statutory rate does not apply when the parties have agreed to a different amount and the inclusion of the statutory rate in the Motion for Summary Judgment did not prevent the trial judge from using his discretion to award the amount set forth in appellant's pleadings.

■ Appellant claims further that the summary judgment proof did not establish

as a matter of law that there was no genuine issue of fact as to the interest due, because appellee failed to establish on what date the debt became due and payable. This contention is without merit. The invoices in evidence showed the payment due dates upon which the court calculated the prejudgment interest. Appellant never argued that these dates were incorrect, and therefore failed to preserve any such claim for appeal. Tex.R.Civ.P. 166–A(c). We overrule points of error six, seven and eight.

 Points of error nine, ten and eleven concern the court's judgment of attorney's fees. First, appellant claims that appellee did not make proper presentment of its claim. Tex.Rev.Civ.Stat.Ann., art. 2226 (Vernon 1979), provides in pertinent part that any party having a valid claim founded on an oral or written contract against another:

> ... may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

Texas law, however, does not require that the presentment be made in any particular form or manner. *Jones v. Kelley*, 614 S.W.2d 95 (Tex.1981). Appellee's presentment, as evidenced by the invoices and the appellant's answers to requests for admissions was sufficient to satisfy the statutory requirements.

 Appellee also claims that the summary judgment proof failed to establish as a matter of law that there was no genuine issue of fact as to reasonable attorney's fees. Attorneys' testimony as to the reasonableness of a legal fee will support a summary judgment. Tex.R.Civ.P. 166–A(c), *Bado Equipment Co. v. Ryder Truck Lines, Inc.*, 612 S.W.2d 81 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Appellee's attorney's affidavit supported his fees and stated that they were reasonable. Appellant failed to file a controverting affidavit, and therefore, there was no material issue of fact as to the reasonableness of these fees.

 Finally, appellee claims that the trial court erred in awarding attorney's "fees and expenses". First, appellee's attorney's affidavit did not request expenses, only fees. Second, the full amount of the judgment was supported by the affidavit requesting only fees. While the trial judge should not have included the word "expenses" in the judgment, his doing so was harmless error and is not grounds for reversal of the summary judgment. The attorney's fees he awarded were fully supported by the summary judgment proof. We overrule points of error nine, ten and eleven.

Accordingly, we affirm the judgment of the trial court as modified in this opinion.