**Affirmed in Part and Reversed in Part and Remanded and Memorandum Opinion filed April 23, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00557-CV

**KEVIN L. HOOD, Appellant**

**V.**

**HANNA & HANNA INC., Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1106883**

## MEMORANDUM OPINION

Appellee, Hanna & Hanna, Inc. performed court reporting services for appellant, Kevin L. Hood. When Hood failed to pay for those services, Hanna & Hanna filed suit against Hood alleging several different causes of action. Hanna & Hanna filed a motion for summary judgment on its claims soon after filing the lawsuit, which the trial court granted. Hood challenges that final summary judgment on appeal. Concluding that Hanna & Hanna established its right to

summary judgment on its breach of contract claim, we affirm that portion of the trial court's final summary judgment. But, because we conclude that Hanna & Hanna failed to prove the amount of attorney's fees incurred in this litigation as a matter of law, we sustain Hood's fifth issue, reverse the trial court's summary judgment in part, and remand the case to the trial court for further proceedings.

## BACKGROUND

Hanna & Hanna operates a court reporting service. It is undisputed that Hanna & Hanna provided court reporting services in a lawsuit in which Hood represented the plaintiff. It is also undisputed that seven depositions were taken during which Hanna & Hanna provided the court reporter. Hanna & Hanna sent invoices to Hood for each of the seven depositions. Hanna & Hanna's charges for all seven depositions totaled $7,998.39.

Hanna & Hanna filed suit alleging the following causes of action: (1) suit on a sworn account, (2) breach of contract, (3) suit on an open account, and (4) quantum meruit. It also alleged that Hood was liable pursuant to section 52.059 of the Government Code because he asked the first question at the deposition or requested a copy of the deposition transcript.[1] Hanna & Hanna alleged that it had suffered damages totaling $7,998.38 plus attorney's fees. Hood filed a verified answer generally denying Hanna & Hanna's claimed damages, denying that Hanna & Hanna's charges constituted the usual and customary fees for the services rendered, and also asserted that Hanna & Hanna had failed to meet the required conditions precedent to recover attorney's fees. Hood alleged no affirmative

---

[1] Section 52.059 of the Texas Government Code creates statutory liability for an attorney and his law firm for court reporter fees associated with a deposition unless the attorney states on the record of the deposition that he and his law firm will not be responsible. *Cole v. Gwendolyn Parker, Inc.*, No. 05-13-01655-CV, 2015 WL 4626750, at *4 (Tex. App.—Dallas Aug. 4, 2015, no pet.).

defenses in his answer.

Hanna & Hanna filed a hybrid no-evidence and traditional motion for summary judgment based on their claims for breach of contract, suit on a sworn account, and section 52.059 of the Government Code thirty-two days after Hood filed his answer. Prior to the motion's submission date, Hood filed a verified motion for continuance, objections to the movant's summary judgment evidence, and a substantive response to the motion itself. Hood did not, however, attach any evidence, such as an affidavit, to his substantive response to Hanna & Hanna's motion. The trial court did not rule on Hood's motion for continuance, or his objections to Hanna & Hanna's summary judgment evidence. The trial court granted Hanna & Hanna's motion and it signed a final summary judgment awarding Hanna & Hanna $7,998.38 and $2,500 in attorney's fees. This appeal followed.

## ANALYSIS

Appellant raises five issues on appeal. We need only address three of appellant's issues.

## I. Hood did not preserve his first issue for appellate review.

In response to Hanna & Hanna's motion for summary judgment, which was set on the trial court's submission docket, Hood filed a motion for continuance of the summary judgment proceeding asserting that he needed additional time to conduct discovery in order to adequately respond to Hanna & Hanna's motion. Hood argues in his first issue on appeal that the trial court abused its discretion when it denied his continuance motion. The record, however, does not reflect that the trial court ruled on Hood's motion.

Rule 166a(g) of the Texas Rules of Civil Procedure permits a party opposing

a motion for summary judgment to request a continuance of the hearing on the motion so that discovery may be completed. *DeAnda v. Jason C. Webster, P.C.*, No. 14-17-00020-CV, 2018 WL 3580579, at *4 (Tex. App.—Houston [14th Dist.] July 26, 2018, pet. denied) (mem. op.). A party contending that it has not had an adequate opportunity for discovery before a summary-judgment hearing must either file an affidavit explaining the need for further discovery or file a verified motion for continuance. *Muller v. Stewart Title Guaranty Co.*, 525 S.W.3d 859, 866 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Merely filing a motion for continuance is not enough, standing alone, to preserve error. *See id.* at 867, n.7 (stating in a summary judgment case, that showing a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling). Instead, a party must obtain a ruling, or object to the trial court's failure to rule on that party's motion for continuance to preserve that issue for appellate review. *See id*; *Bryant v. Jeter*, 341 S.W.3d 447, 451 (Tex. App.—Dallas 2011, no pet.) ("In this case, the record does not show that Bryant's motion for continuance was brought to the trial court's attention. Likewise, the record does not show that the trial court either denied the motion or refused to rule on the motion. And to the extent that the trial court refused to rule on the motion, the record does not show that Bryant objected to that refusal. As a result, we conclude that this issue has not been preserved for appellate review."); *Yazdchi v. Walker*, No. 01-05-00177-CV, 2009 WL 1270395, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2009, pet. denied) (mem. op.) ("Because the record does not show that the motion for continuance was filed and brought to the attention of the trial court or that the trial court ruled on it before it granted summary judgment, we conclude that the appellants have failed to preserve error, if any, on this issue.").

4

Here, while Hood did file a motion for continuance of the summary judgment proceeding, he did not set the motion for a hearing, for submission, or otherwise bring the motion to the trial court's attention. There is also no indication in the record that Hood objected to the trial court's failure to rule on his motion for continuance. As a result, we conclude Hood failed to preserve error, if any, on this issue. We overrule Hood's first issue on appeal.

## II. Hanna & Hanna established its breach of contract claim as a matter of law.

Hood argues in his second issue that the trial court erred when it granted Hanna & Hanna's traditional motion for summary judgment on its breach of contract claim. We disagree.

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When a plaintiff such as Hanna & Hanna, moves for summary judgment on its cause of action, it must conclusively prove all essential elements of its claim as a matter of law. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Evidence is considered conclusive if reasonable people could not differ in their conclusions. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The nonmovant has no burden to respond to a motion for summary judgment unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). If the movant establishes its entitlement to judgment, then the burden shifts to the nonmovant to come forward with

competent controverting evidence sufficient to raise a genuine issue of material fact. *Muller*, 525 S.W.3d at 868.

"A breach of contract occurs when a party fails or refuses to do something he has promised to do." *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 632 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). When alleging that a defendant breached a contract, a plaintiff must prove the following elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Eurecat v. Marklund*, 527 S.W.3d 367, 387 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Hanna & Hanna moved for summary judgment on its breach of contract claim. In support of its motion, it attached an affidavit from Kelly Hanna, a director of Hanna & Hanna. Among other things, Hanna averred that Hood "placed his order for our services." Hanna also stated that Hood "personally requested the work that we performed for him, but the invoices, attached hereto as [an exhibit], have remained unpaid." Hanna also attached seven invoices as well as two transcript order forms to her affidavit. Hanna & Hanna's summary judgment evidence conclusively established each element of its breach of contract claim.[2] *See Cole*, 2015 WL 4626750, at *3 (affirming breach of contract finding based on oral contract for court reporting services); *May v. Ticor Title Ins.*, 422 S.W.3d 93, 100 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Determining whether a party has breached a contract is a question of law for the court rather than a question of fact for the jury when the facts of the parties' conduct are undisputed or conclusively established."); *Gensco v. Transformaciones*

---

[2] Hood did file objections to Hanna & Hanna's summary judgment evidence. The trial court did not rule on those objections. In addition, Hood has not raised any complaint on appeal regarding the objections he lodged to Hanna & Hanna's summary judgment evidence.

6

*Metalurgicias Especiales, S.A.*, 666 S.W.2d 549, 552–53 (Tex. App.—Houston [14th Dist.] 1984, pet. dism.) (affirming breach of contract judgment based in part on invoices admitted into evidence).

Once Hanna & Hanna proved its entitlement to summary judgment as a matter of law, the burden shifted to Hood to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Hood attached no evidence to his summary judgment response. As a result, we conclude that he did not meet his burden to raise a genuine issue of material fact precluding summary judgment. The trial court properly granted Hanna & Hanna's motion and properly awarded Hanna & Hanna breach of contract damages in the amount of $7,998.38. *See id.* We overrule Hood's second issue on appeal.[3]

## III. The trial court erred when it granted Hanna & Hanna's motion for summary judgment on its attorney's fees claim.

Hood argues in his fifth issue on appeal that the trial court erred when it granted Hanna & Hanna's motion for summary judgment on Hanna & Hanna's claim for attorney's fees. Because Hanna & Hanna presented no evidence of the fees incurred in this litigation, we agree.

In support of its claim for $2,500 in attorney's fees, Hanna & Hanna included an affidavit from its attorney, James West. In that affidavit West averred

---

[3] Having overruled Hood's challenge to the trial court's summary judgment on Hanna & Hanna's breach of contract claim, we need not address his third and fourth issues challenging the trial court's granting of Hanna & Hanna's motion for summary judgment on Hanna & Hanna's other causes of action. *See* Tex. R. App. P. 47.1; *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (stating that a non-movant is required to show that each ground alleged in the motion for summary judgment was insufficient to support summary judgment); *Gonzales v. Thorndale Cooperative Gin and Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("When the trial court does not specify the basis for its summary judgment, the appellant must show that the trial court erred to base the summary judgment on every ground asserted in the motion.").

as follows:

> Service were [sic] rendered or based upon personal experience, will be rendered on behalf of Bobcat of Houston Company Division of Berry Companies, I in the prosecution of its claims and the collection of its judgment in the above-captioned matter.

Because this statement addresses the provision of legal services to a different entity, Bobcat of Houston, rather than Hanna & Hanna, it constitutes no evidence that Hanna & Hanna incurred $2,500 in attorney's fees while prosecuting this case. *See Ron*, 397 S.W.3d at 788 (stating that a reviewing court must view the evidence in the light most favorable to the nonmovant). Because a summary-judgment movant must prove there is no genuine issue of material fact to prevail on its motion, we conclude that Hanna & Hanna did not establish that it was entitled to summary judgment on its attorney's fee claim. *See Rhone-Poulenc, Inc.*, 997 S.W.2d at 223 (stating that because a traditional motion for summary judgment must stand on its own merits, a nonmovant can always argue on appeal that the movant's summary judgment evidence is insufficient as a matter of law, even if the nonmovant did not file a response); *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998) (citing Tex. R. Civ. P. 166a(c)). We therefore sustain Hood's fifth issue and reverse the trial court's summary judgment on the award of attorney's fees to Hanna & Hanna.

## CONCLUSION

Having overruled Hood's issues challenging the trial court's summary judgment on Hanna & Hanna's breach of contract cause of action, we affirm the portion of the final summary judgment holding Hood liable for breach of contract and awarding Hanna & Hanna $7,998.38 in damages. Having sustained Hood's challenge to the trial court's summary judgment awarding Hanna & Hanna attorney's fees, we reverse that part of the trial court's summary judgment and

8

remand to the trial court for further proceedings consistent with this opinion.


/s/    Jerry Zimmerer
Justice


Panel consists of Justices Christopher, Bourliot, and Zimmerer.