**Affirmed in Part, Reversed and Rendered in Part, and Opinion Filed September 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00720-CV**

**VERTICAL HOLDINGS, LLC AND VANGUARD FINANCIAL TRUST, Appellants**

**V.**

**LOCATORX, INC., Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-04237**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Partida-Kipness

This matter involves the interpretation of an option contract. Appellants Vertical Holdings, LLC and Vanguard Financial Trust contend they exercised a Royalty Option in an investor subscription agreement, and appellee LocatorX, Inc. failed to perform as required by the agreement. After hearing the parties' competing summary judgment motions, the trial court rendered a final judgment for LocatorX on its claims for declaratory judgment and attorney's fees and a take nothing judgment against Vertical and Vanguard on their breach of contract and declaratory

judgment claims. Vertical and Vanguard appeal the final judgment. We affirm in part and reverse and render in part.

## BACKGROUND

LocatorX is a business that provides integrated tracking, validation, and security platform services to businesses and other entities. In 2017, LocatorX made a "bridge offering" of securities to various investors to fund LocatorX's planned initial public offering (IPO). Vertical and Vanguard each participated by purchasing 200,000 shares of Series C preferred shares of LocatorX stock for $1.50 per share. Vertical and Vanguard purchased these preferred shares pursuant to materially identical Subscription Agreements. The Subscription Agreements were written integrated contracts that governed the terms and conditions of Vertical and Vanguard's purchases of preferred shares.

Under the Subscription Agreements, LocatorX would redeem preferred shares as it raised new funds from subsequent securities offerings. Share redemptions were to be made at a price of $3.00 per share, or twice what Vertical and Vanguard paid for their preferred shares. The Subscription Agreements also set out the risks related to the investment in the Series C Preferred Stock and noted the investment "involves a high degree of risk." The Subscription Agreements explained if the IPO was not completed or LocatorX could not raise sufficient funds by other means, then LocatorX "[would] not have the cash available to honor the redemption right. . . ."

To temper those risks, the Subscription Agreements included a "Royalty Option" under which preferred shareholders, such as Vertical and Vanguard, could obtain royalty payments if, by April 1, 2018, LocatorX did not raise sufficient proceeds in the IPO or by other securities sales to redeem the Preferred Shares. The Royalty Option provided:

> (3)g. Royalty Option.
>
> > i. If the Company does not raise sufficient proceeds in the IPO or from Subsequent Securities Sales (as defined in the Preferred Designation) to redeem 100% of the Preferred Stock (for which redemption has been requested) in accordance with Section 7 of the Preferred Designation by April 1, 2018, it **agrees to enter into such agreement as determined by the Investors then holding a majority of the Preferred Stock, pursuant to which it shall sell the Preferred Stock holders the right to receive 40% of the royalties derived** from the entire technology portfolio owned by the Company **for a total purchase price of $1,000** (the "Royalty Option").

The parties disagree as to the correct interpretation of the language in bold above. The interpretation of the Royalty Option is at the center of this dispute.

In 2018, Vertical and Vanguard each held approximately 31.5% of the outstanding Preferred Shares. LocatorX did not meet the April 1, 2018 deadline to redeem 100% of the Preferred Stock. On May 10, 2018, Vertical and Vanguard attempted to exercise the Royalty Option by each making a payment of $315.79 to LocatorX by wire transfer. Although LocatorX initially received those payments, it later refunded the payments to Vertical and Vanguard and did not remit payment to Vertical or Vanguard under the Royalty Option.

LocatorX maintained the Royalty Option "included unambiguous requirements for how it could be exercised." According to LocatorX, the Royalty Option required a "total purchase price of $1,000" and a separate agreement to govern the sale of the 40% Royalty Interest. LocatorX contends neither Vertical nor Vanguard paid $1,000 to exercise the option and the parties did not prepare let alone enter into a separate agreement as required by the Royalty Option. Vertical and Vanguard disagreed with LocatorX's interpretation of the Royalty Option. They sued LocatorX for breach of contract and sought a declaratory judgment to interpret the Subscription Agreement and Royalty Option and determine their rights under the Subscription Agreement. LocatorX filed a counterclaim against Vertical and Vanguard in which it asserted claims for breach of contract, fraudulent inducement, and statutory fraud, and sought a declaratory judgment and attorney's fees.[1]

The parties filed competing motions for summary judgment on their claims and counterclaims.[2] LocatorX moved for summary judgment on its counterclaim for declaratory judgment and attorney's fees. LocatorX sought a declaration that the

---

[1] The IPO did not occur. However, LocatorX raised funds from other sources and, in March 2020, redeemed Vertical and Vanguard's shares for $3.00 per share. Vertical and Vanguard each made a $300,000 return on their investment in two-and-a-half years without a royalty payout.

[2] Some of the procedural history of the underlying case is not relevant to this Court's analysis of the issues on appeal. For example, Vertical filed a motion for partial summary judgment on April 27, 2020. The trial court heard the motion and took it under advisement. Vertical then amended its pleadings and joined Vanguard as an additional plaintiff. The parties briefed new summary judgment motions, which were heard on September 1, 2020. Before the trial court ruled, however, Vertical and Vanguard nonsuited their claims and re-filed those claims in federal court. The federal court dismissed the claims and found Vertical and Vanguard's conduct was "vexatious" and their "actions constitute forum shopping of the highest order." The parties' filings and the trial court's rulings on remand following the federal court's dismissal are at issue here. We, therefore, focus on those procedural events.

Royalty Option required the followings conditions precedent: (1) a total payment of $1,000—as opposed to a pro rata payment; and (2) a separate agreement between LocatorX and a majority of the Preferred Shareholders. LocatorX also requested attorney's fees in its motion for summary judgment pursuant to the Declaratory Judgment Act. *See* TEX. CIV. PRAC. & REM. CODE § 37.009. The trial court granted LocatorX's motion for summary judgment on its counterclaims on March 17, 2021. The trial court ruled for LocatorX on its requests for declaratory judgment and found it was "equitable and just" to award LocatorX $318,101.21 in attorney's fees. The trial court made the following declarations as to the declaratory judgment action:

a. The Subscription Agreement requires that if the Royalty Option is to be exercised, it must be done pursuant to a separate written agreement as determined by holders of a majority of the Preferred Shares;

b. There is no separate written agreement relating to the Royalty Option, as contemplated and required by the Subscription Agreement;

c. The Subscription Agreement specifies that the Royalty Option can be exercised only upon payment of a total purchase price of $1,000.00. Likewise, nothing in the Subscription Agreement provides for purchase, sale or exercise of the Royalty Option to be made on a pro rata basis;

d. The full Royalty Option purchase price of $1,000.00 required by the Subscription Agreement was never paid;

e. Vertical and Vanguard's attempt to exercise the Royalty Option on a pro rata basis is inconsistent with the Subscription Agreement and therefore ineffective;

f. Thus, for the reasons set forth above, the Royalty Option was never exercised by Vertical or by Vanguard in compliance with the unambiguous terms and requirements of the Subscription

Agreement. Thus, neither Vertical nor Vanguard ever made a legally effective exercise of the Royalty Option. *See M7 Capital LLC v. Miller*, 3l2 S.W.3d 219, 222 (Tex. App—Hous. [14th Dist] 2010) ("[A]n option contract may be exercised only in strict compliance with the contract's terms"; and "[a] failure to exercise an option according to its terms, including a defective performance, legally amounts to a rejection.").

g.     Because neither Vertical nor Vanguard ever exercised the Royalty Option, they are not entitled to receive any portion of LocatorX's royalty revenues, as the Subscription Agreement contemplates;

h.     LocatorX has fully redeemed the preferred shares once owned by Vertical and Vanguard. Because the Royalty Option can only be exercised by those actually holding Preferred Shares, neither party is now eligible to exercise the Royalty Option.

Prior to that ruling, on March 16, 2021, Vertical and Vanguard filed a motion for summary judgment (the March 16 motion). In that motion, they sought summary judgment on their declaratory judgment and breach of contract claims. The relief requested was, thus, the opposite of the relief awarded by the trial court in its March 17, 2021 order. The trial court described the March 16 motion as "essentially" a motion to reconsider the March 17, 2021 order granting LocatorX's motion for summary judgment. LocatorX responded to the March 16 motion and, in the response, included a cross-motion for summary judgment.

In a June 2, 2021 order, the trial court denied the March 16 motion and stated the issues raised in the March 16 motion were resolved by the March 17, 2021 order granting LocatorX's motion for summary judgment. The trial court denied the March 16 motion "for the reasons set forth in the Court's March 17, 2021 Order," and "for

–6–

the same reasons" granted LocatorX's cross-motion and entered judgment for LocatorX on each of Vertical and Vanguard's claims. The trial court also granted "LocatorX its reasonable attorneys' fees and costs incurred in opposing Vertical and Vanguard's facially frivolous Motion" (i.e., the March 16 motion). The trial court directed LocatorX to provide evidence of the fees incurred opposing the March 17 motion within ten days of the June 2, 2021 Order.

On June 16, 2021, Vertical and Vanguard appealed the March 17, 2021 and June 2, 2021 orders. This Court determined no final judgment had been rendered because LocatorX's "counterclaims for fraudulent inducement, fraud, and breach of contract and claim for attorney's fees" remained pending below and dismissed the appeal for want of jurisdiction. *See Vertical Holdings, LLC v. Locatorx, Inc.*, No. 05-21-00468-CV, 2021 WL 3412456 (Tex. App.—Dallas Aug. 4, 2021, no pet.) (mem. op.).

On June 25, 2021, while the appeal was pending, LocatorX moved for an extension of time to provide its attorney's fees evidence. LocatorX included the declarations of two of its counsel, David Meadows and Eric Calhoun, to prove up the fees and costs incurred responding to the March 16 motion.

Several events occurred after this Court dismissed the initial appeal of the March 17, 2021 and June 2, 2021 Orders. On May 25, 2022, LocatorX nonsuited its counterclaims for breach of contract, fraudulent inducement, statutory fraud, and "Attorneys' Fees arising under the parties' Subscription Agreement." On May 26,

2022, LocatorX filed its "Motion for Entry of a Final Judgment." In it, LocatorX argued no claims remained unadjudicated following its nonsuit of LocatorX's remaining counterclaims. LocatorX argued the March 17, 2021 and June 2, 2021 Orders "resolved all controversies regarding the royalty option in LocatorX's favor." LocatorX also stated:

> The court ruled that Plaintiffs had not properly purchased or exercised the royalty option, and that LocatorX had no liability to Plaintiffs for that royalty option. Those rulings fully and finally adjudicated LocatorX's counterclaim for a declaratory judgment (Count I of its Third Amended Counterclaim) and the Plaintiffs' affirmative claims for a declaratory judgment, breach of contract and attorneys' fees, as alleged in the Plaintiffs' Third Amended Petition.

LocatorX asked the trial court to enter a final judgment.

Then, on June 16, 2022, LocatorX withdrew its request for attorney's fees and costs made in connection with the March 16 motion and withdrew its June 25, 2021 motion for extension of time. LocatorX's proposed judgment, however, included awards of conditional appellate fees. In their June 22, 2022 response to the motion for entry of judgment, Vertical and Vanguard objected to the proposed judgment's award of conditional appellate fees. They argued LocatorX did not request conditional appellate fees in its motions for summary judgment and provided no evidence to support those awards. On June 26, 2022, LocatorX filed declarations from Meadows and Calhoun in support of the proposed award of conditional appellate fees.

The trial court heard the motion for entry of judgment on June 27, 2022, and signed a final judgment that day. Then, on July 6, 2022, the trial court signed its "Final Judgment Nunc Pro Tunc." The July 6 Judgment includes awards for conditional appellate fees and conditional fees for post-judgment collection efforts. This appeal followed.

## STANDARD OF REVIEW

In their first two issues, appellants challenge the trial court's summary judgment rulings. We review summary judgment rulings de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "When competing summary-judgment motions are filed, 'each party bears the burden of establishing that it is entitled to judgment as a matter of law.'" *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018) (quoting *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). "[I]f 'the trial court grants one motion and denies the other, the reviewing court should determine all questions presented' and 'render the judgment that the trial court should have rendered.'" *Id.* (quoting *City of Garland*, 22 S.W.3d at 356); *see also Vanderwerff v. Travelers Indem. Co. of Conn.*, No. 05-17-00564-CV, 2018 WL 3154425, at *3 (Tex. App.—Dallas June 28, 2018, pet. denied) (mem. op.) (setting out applicable standard of review for cross-motions for summary judgment).

In their third issue, appellants challenge the award of conditional appellate fees and attorney's fees incurred to collect the judgment. We review the award of

–9–

attorney's fees for an abuse of discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

## ANALYSIS

Vertical and Vanguard appeal the substantive summary judgment rulings concerning the Royalty Option and the awards of conditional appellate fees and conditional fees for post-collection efforts. We address each issue in turn.

## I.      Summary judgment rulings

Under Texas law, to exercise an option, "strict compliance with the provisions of an option contract is required." *Levu GP, LLC v. Pacifico Partners Ltd.*, No. 05-16-01167-CV, 2018 WL 4039638, at *4 (Tex. App.—Dallas Aug. 23, 2018, pet. denied) (mem. op.). "[A]cceptance of an option must be unqualified, unambiguous, and strictly in accordance with the terms of the contract." *Id.* And "any failure to exercise an option according to its terms, including untimely or defective acceptance, is simply ineffectual, and legally amounts to nothing more than a rejection." *Probus Props. v. Kirby*, 200 S.W.3d 258, 262 (Tex. App.—Dallas 2006, pet. denied) (internal citation omitted).

The parties agree the Royalty Option is unambiguous. When a contract is unambiguous, it is to be enforced as written and must be interpreted as a matter of law without resort to extrinsic evidence. *See First Bank v. Brumitt*, 519 S.W.3d 95, 106 (Tex. 2017). Here, the Royalty Option expressly requires a "total purchase price of $1,000." It is undisputed neither Vertical nor Vanguard paid $1,000 when they

attempted to exercise the Royalty Option. Under this record, we conclude Vertical and Vanguard did not strictly comply with the Royalty Option's payment terms. The trial court, therefore, did not err by rendering judgment for LocatorX on its declaratory judgment claim. Because this is dispositive, we do not reach Vertical and Vanguard's challenge of the trial court's declaration concerning the separate agreement requirement of the Royalty Option. We affirm the judgment in favor of LocatorX on its declaratory judgment counterclaim and against Vertical and Vanguard on their claims for declaratory judgment, breach of contract, and attorney's fees.

## II.    Conditional appellate fees

In their third issue, appellants challenge the trial court's award of conditional appellate fees. They maintain the award of conditional appellate fees was improper because (1) LocatorX did not seek them in its summary judgment motion or any other motion; (2) the fee claim was "fully and finally adjudicated" by the trial court's summary judgments; and (3) LocatorX did not timely submit evidence in support of a contingent award. Under this record, we conclude LocatorX did not timely request conditional appellate fees and, therefore, the judgment should be reversed as to those fees.

To recover attorney's fees, a summary judgment movant must properly plead the request for attorney's fees and include the request and evidence to support the requested award in the motion for summary judgment. *See Ultra Tech Servs. v. Laad*

*& Co., Inc.*, No. A14-91-00940-CV, 1992 WL 107476, at \*3 (Tex. App.—Houston [14th Dist.] May 21, 1992, writ denied) (not designated for publication) ("After properly pleading the request for attorney fees, a movant for summary judgment must also include the request in the motion for summary judgment."); *see also Stephens & Johnson Operating Co. v. Schroeder*, No. 04-14-00167-CV, 2015 WL 4760029, at \*6–7 (Tex. App.—San Antonio Aug. 12, 2015, pet. denied) (mem. op.) ("a party's request for attorney fees and the grounds supporting this request must be **expressly** stated in the motion before a court may award summary judgment on the stated grounds.") (emphasis added) (first citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993), and then citing *Torres v. Garcia*, No. 04-11-00822-CV, 2012 WL 3808593, at \*5 (Tex. App.—San Antonio 2012, no pet.) (mem. op.); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002) (summary judgment cannot be granted except on the grounds expressly presented in the motion).

Similarly, to recover fees for contingent appellate services, a party must "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Canadian Real Estate Holdings, LP v. Karen F. Newton Revocable Tr.*, No. 05-20-00747-CV, 2022 WL 4545572, at \*6 (Tex. App.—Dallas Sept. 29, 2022, no pet.) (mem. op.) (quoting *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex.

2020), and citing *Ruff v. Ruff*, No. 05-21-00157-CV, 2022 WL 420353, at \*11 (Tex. App.—Dallas Feb. 11, 2022, pet. denied) (mem. op.)).

A movant should support the motion for summary judgment with an affidavit from movant's attorney. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.) (noting that the reasonableness and necessity of attorney's fees requires expert testimony); *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 148 (Tex. App.—Houston [14th Dist.] 1986, no writ) ("An affidavit by an attorney representing a party in a suit, concerning an award of attorney's fees, whether in support or in contradiction of an amount claimed to be reasonable, is admissible in a summary judgment proceeding and is considered expert testimony."). The affidavit acts as "expert testimony" to support the reasonableness of the requested attorney fees. *Gensco, Inc. v. Transformaciones Metalurgicias Especiales, S.A.*, 666 S.W.2d 549, 559-60 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd). A movant's summary judgment affidavit should be filed at least twenty-one days before the hearing. TEX. R. CIV. P. 166a(c).

Here, LocatorX moved for summary judgment on its counterclaims for declaratory judgment and attorney's fees on October 12, 2020 (October 2020 motion). As the movant, LocatorX bore the burden of requesting an award of conditional appellate fees with the summary judgment motion and providing evidence to support that request. *See Fuhrmann v. C & J Gray Invs. Partners, Ltd.*,

No. 05-18-00683-CV, 2019 WL 3798181, at *4 (Tex. App.—Dallas Aug. 13, 2019, no pet.) (mem. op.).

In the October 20 motion, LocatorX sought attorney's fees related to its declaratory judgment action under section 37.009 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). LocatorX submitted the declaration of David Meadows and the affidavit of Eric G. Calhoun in support of the request for attorney's fees. Meadows asserted LocatorX incurred attorney's fees of $179,196.20 through August 31, 2020, and stated he would supplement the affidavit concerning fees incurred through mid-October 2020. Meadows also reserved his right to supplement the evidence of fees and expenses incurred "in preparing and pursuing" the motion. Calhoun testified he had charged reasonable and necessary fees of $51,155.00 through September 28, 2020. Neither Meadows nor Calhoun testified to conditional appellate fees. Their opinions were limited to the fees incurred through the filing of the October 2020 motion to defend against Vertical and Vanguard's claims and pursue LocatorX's counterclaims.

The trial court heard the October 2020 motion on March 17, 2021. LocatorX supplemented its attorney's fees evidence before the hearing. Specifically, Meadows and Calhoun submitted supplemental declarations. Meadows stated his firm charged LocatorX $76,895 in additional fees between September 1, 2020 and January 31,

2021. Calhoun testified he charged LocatorX $13,650 in additional fees between September 29, 2020 and February 18, 2021. Meadows again reserved his right to supplement the evidence of fees and expenses incurred "in preparing and pursuing" the motion. And, like their original testimony, neither Meadows nor Calhoun testified to conditional appellate fees.

At the March 17, 2021 hearing, Meadows told the trial court LocatorX was "seeking about $318,000[3] in fees." In its March 17 Order, the trial court granted LocatorX's motion for summary judgment and awarded LocatorX attorney's fees of $318,101.21. LocatorX had not requested conditional appellate fees in relation to the motion for summary judgment, and the trial court's March 17, 2021 and June 2, 2021 Orders do not include awards for conditional appellate fees. LocatorX withdrew its request for fees incurred defending against the March 16 motion and, in any event, had not requested conditional appellate fees in relation to the June 2, 2021 Order adjudicating the March 16 motion. The trial court, thus, fully adjudicated LocatorX's request for fees in its March 17 Order. The fees were awarded to LocatorX in relation to its declaratory judgment claim. LocatorX did not reurge the motion for summary judgment after dismissal of the first appeal. Rather, LocatorX asked the trial court to render the March 17, 2021 and June 2, 2021 Orders into a final judgment and told the court those orders "resolved all controversies regarding the royalty option in

---

[3] The affidavits submitted by Meadows and Calhoun requested fees of $320,896.20. The record does not show how Meadows calculated fees of $318,000. Vertical and Vanguard do not appeal the trial court's award of $318,101.21 through trial. We, therefore, do not address the discrepancy.

LocatorX's favor." Those orders did not award LocatorX conditional appellate fees, and LocatorX did not include a request for conditional appellate fees in the motion for entry of judgment.

Under this record, we conclude LocatorX did not timely request conditional appellate fees. The time to request and prove up those fees was with the motions for summary judgment that were granted in the March 17, 2021 and June 2, 2021 Orders. LocatorX's submission of affidavits with its motion for entry of judgment came too late. The trial court, therefore, abused its discretion by awarding LocatorX conditional appellate fees. Accordingly, we reverse those awards.

## III. Fees for collection efforts

Vertical and Vanguard also challenge the trial court's award of $10,000 for post-appeal collection efforts. They maintain those fees should be reversed because there is no statutory basis for the award and LocatorX presented no evidence to support the award. We agree.

To prove a claim for conditional appellate fees, a party must offer expert testimony "about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Lakeway Psychiatry & Behav. Health, PLLC v. Brite*, 656 S.W.3d 621, 639 (Tex. App.—El Paso 2022, no pet.) (quoting *Yowell*, 620 S.W.3d at 355). The same requirement applies if a party is statutorily or contractually entitled to attorney's fees incurred for post-appeal collection efforts. Here, LocatorX presented no evidence concerning fees for post-

–16–

appeal collection efforts. In fact, neither Meadows nor Calhoun mentioned such fees in their affidavits in support of the request for conditional appellate fees. The record includes no evidence of the services LocatorX reasonably believed would be necessary to collect the judgment or the reasonable hourly rate for those services. The trial court's $10,000 fee award for collection efforts has no evidentiary support and appears to have been pulled out of thin air. The trial court abused its discretion by awarding fees for post-appeal collection efforts. We reverse that award.

## CONCLUSION

Under this record, we conclude the trial court did not err by granting judgment for LocatorX on its declaratory judgment counterclaim. We conclude, however, the trial court abused its discretion by awarding LocatorX conditional appellate fees and fees for post-appeal collection efforts. Accordingly, we affirm the judgment in favor of LocatorX on its substantive declaratory judgment claim and against Vertical and Vanguard on their claims, reverse the awards of conditional appellate fees and fees for post-appeal collection efforts, and render judgment that LocatorX take nothing on its claims for conditional appellate attorney's fees and attorney's fees for post-appeal collection efforts. In all other respects, the trial court's judgment is affirmed.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220720F.P05

–17–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VERTICAL HOLDINGS, LLC AND VANGUARD FINANCIAL TRUST, Appellants

No. 05-22-00720-CV     V.

LOCATORX, INC., Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-04237. Opinion delivered by Justice Partida-Kipness. Justices Smith and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED AND RENDERED** in part. We **REVERSE** that portion of the trial court's judgment awarding appellee LocatorX, Inc. conditional appellate attorney's fees and attorney's fees for post-appeal collection efforts and **RENDER** judgment that LocatorX, Inc. take nothing on its claims for conditional appellate attorney's fees and attorney's fees for post-appeal collection efforts. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 13th day of September 2023.